No. 32,258

MAURICE M. TINCKNELL, *Appellant*, v. EFFIE TINCKNELL, *Appellee*.

(44 P. 2d 212)

Opinion filed May 4, 1935.

*Joe W. Moss,* of Independence, and *Charles D. Welch,* of Coffeyville, for the appellant.

*W. R. Hobbs, John Bertenshaw* and *Kirke C. Veeder,* all of Independence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal is from an order of the district court correcting the record in an action for divorce and alimony, and from an order denying a motion to discharge the judgment.

Maurice M. Tincknell sued his wife, Effie, for divorce. She answered, and in a cross petition prayed for a divorce and for alimony. The answer and cross petition disclosed that when plaintiff and defendant were married she was a widow with four children and had a house and household goods in the state Oregon. Plaintiff induced defendant to sell the household goods, and they moved to Cherryvale, Kan. There plaintiff provided no home, and plaintiff and defendant lived with plaintiff's parents, against defendant's wishes. The answer and cross petition contained the following:

"That during the year that the plaintiff and defendant lived at Cherryvale the plaintiff refused to work and that the defendant worked in the home of the plaintiff's parents and kept house for plaintiff's parents and was able to procure groceries and board by her work and labor for both the plaintiff and the defendant and that defendant used her money for the support of plaintiff and her children and that the plaintiff used certain money and property of the defendant."

The prayer of the answer and cross petition contained the following:

"Wherefore, the defendant asks that she have an order allowing her a sum for temporary alimony and support and the sum of $50 for attorney's fees and that she have in addition thereto permanent alimony, and that the court grant such other and further relief as may be just and right."

On April 27, 1929, the court made an order allowing defendant an attorney fee, suit money and temporary alimony.

The case was heard and judgment was rendered on January 31, 1930. Plaintiff did not appear in person or by attorney. A form of journal entry of judgment was prepared by somebody, which was approved by an attorney for plaintiff and by defendant's attorney, and which was signed by the judge of the district court. The document recited default in monthly payments of alimony, made a statement concerning attorney fees, and contained the following:

"4. It appears further that the said defendant is entitled to a divorce on her cross petition and that she is without default on her part and that she is entitled to a decree of divorce, divorcing her of and from the said plaintiff and that she is entitled to a further judgment herein in the sum of $800 for money advanced by said defendant, which funds and money were her sole and separate property and were advanced to said plaintiff since the date ,of her marriage with the said plaintiff."

The document also contained the following:

"It is further ordered, adjudged and decreed by the court that the defendant be and she is hereby given judgment against the plaintiff in the sum of $800 and that the said defendant is entitled to a judgment . . . [for unpaid temporary alimony and for attorney fees]."

This document was filed as the journal entry in the case. The minutes on the court's trial docket read:

"January 31. Defendant granted a divorce, absolute in six months. Judgment for $800, plaintiff's cost, including $50 attorney fee, as per journal entry."

On April 23, 1934, plaintiff made application to the court for discharge of the purported judgment for $800, pursuant to an adjudication in a voluntary proceeding in bankruptcy, instituted by plaintiff. Defendant moved to correct the record in the divorce action to show that the purported judgment for $800 was for permanent alimony. If judgment was rendered in the divorce action in favor of defendant for permanent alimony it was not discharged by the bankruptcy adjudication.

The two motions were heard together. Plaintiff's schedule in bankruptcy was introduced in evidence, and contained the following:

"Effie Tincknell—R. F. D. 6, Cherryvale, Kan., care of Ed Schofel—Two judgments or decrees rendered in the case of *Effie Tincknell v. Maurice Tincknell* in the district court of Montgomery county, Kan., on Jan. 30, 1930; total amount about $1,000......$1,000."

An affidavit of the attorney who approved the form of journal entry for plaintiff was introduced in evidence. The affidavit was to the effect that the form correctly recited the judgment rendered in the divorce action. An affidavit of defendant was introduced in evidence, which was to the effect judgment was rendered in her favor in the divorce action for $800 permanent alimony.

The court took the two motions under advisement and on September 7, 1934, sustained the motion to correct the record in the divorce action. Pursuant to this order the record was corrected by striking out paragraph 4 of the former journal entry, and making the record read as follows:

"4. It appears further that said defendant is entitled to a divorce on her cross petition and that she is without fault on her part and that she is entitled to a decree of divorce, divorcing her of and from said plaintiff and that she is entitled to a further judgment herein in the sum of $800 permanent alimony against said plaintiff. . . .

"It is further ordered, adjudged and decreed by the court that the defendant be and she is hereby given judgment against the plaintiff in the sum of $800 as and for permanent alimony and that the defendant is entitled to a further judgment of $25 per month as temporary alimony for the months of July, August, September, October, November and December of the year 1929, and for the month of January, 1930."

The record having been corrected, the motion to discharge the judgment, pursuant to the adjudication in bankruptcy, was denied.

Defendant's cross petition did not specify any sum of money derived from sale of defendant's household goods. The amount of money belonging to her which she used to support herself and children was not specified. The amount of money and property belonging to her which plaintiff used was not specified. While the cross petition did say plaintiff used certain money and property of defendant, the statement was too indefinite to form the basis of a judgment for any amount. Defendant did not pray for any sum of money advanced by her to the plaintiff, and the petition merely disclosed a cause of action for divorce on the ground of gross neglect of duty, and for alimony.

What, if any, evidence was introduced at the trial of the divorce action, relating to advancement of money by defendant to plaintiff is not disclosed. The affidavit in opposition to the motion to correct the record throws no light on the subject. It deals merely in conclusions—that the original form of journal entry was correct, and was drawn without mistake or inadvertence. The affidavit in support of the motion to correct the record merely states that the court granted defendant a divorce and permanent alimony in the sum of $800. The purported judgment and the minutes on the trial docket did not state what the $800 allowance was for. The result is, the court was obliged to determine what the judgment was from the cross petition and from its own knowledge of the proceedings.

The attorney for plaintiff argues the case as if the court indubitably rendered a judgment as shown by the form of journal entry first filed, and then changed that judgment. Nothing of the kind occurred. A judgment is one thing. The record of a judgment is a different thing, and what purports to be the record of a judg-

ment may or may not be correct. When the question of correctness of the record is raised, the court must determine the matter as any other question of fact, except that the court's own knowledge of what the judgment was may be utilized and may be conclusive. In this instance this court cannot say the district court did not know what the judgment was, and the authority of the district court to make the record speak the truth by *nunc pro tunc* entry has been declared in so many cases that it is needless to cite them.

The judgments of the district court correcting the record and refusing to discharge the judgment are affirmed.