No. 32,323

LOUISE G. BOATMAN, *Appellee*, v. E. N. BOATMAN, *Appellant*.

(45 P. 2d 592)

Opinion filed June 8, 1935.

*J. P. Noble*, of Oberlin, for the appellant.

*W. E. Mahin* and *D. P. Moyers*, both of Norton, for the appellee.

The opinion of the court was delivered by

BURCH, ·J.: The appeal brings up for review an order of the district court correcting its record to show the judgment which was in fact rendered in an action for divorce.

In 1929 Louise Boatman commenced an action against her hus-

band, E. N. Boatman, for divorce and consequent relief. Judgment was rendered in favor of plaintiff on September 4, 1929. No formal record of the proceedings was made until January 24, 1930, when a form of journal entry signed by the district judge was filed and spread. In October, 1934, plaintiff filed a motion to expunge the journal entry and to cause a record to be made which would speak the truth.

In connection with allegations showing gross neglect of duty and extreme cruelty on the part of defendant, the petition for divorce gave the names and ages of three children of the parties, all of whom were minors, and alleged defendant failed and refused to provide food, clothing and support for the members of his family, and failed and refused to provide funds for the maintenance of a home for them. The prayer of the petition was for divorce, for adjustment of property interests, for custody of children, and for such other and further relief as should be deemed proper. The journal entry of January, 1930, contained no reference to an allowance to plaintiff of the sum of $5 per month for support and maintenance of each child until further order of the court, and contained no reference to an allowance to plaintiff of $100 as an attorney fee. The motion of plaintiff to correct the record stated such allowances were in fact included in the judgment which was rendered in September, 1929. The motion was allowed, the original journal entry was expunged, and a journal entry which included the allowances was made.

Defendant makes the usual contention that what the court did was to change its judgment. The subject is sufficiently discussed in the opinion in the case of *Tincknell v. Tincknell*, 141 Kan. 873, 44 P. 2d 212.

At the time the judgment was rendered in 1929 the district court made an exceptionally complete memorandum on its docket of what the judgment embraced. This practice is recommended to all district courts; since attorneys will make mistakes in drawing forms of journal entry and judges are obliged to sign forms of journal entry prepared by attorneys without reading them. The memorandum shows the allowances which should have been inserted in the first journal entry. This memorandum is not a part of the statutory record, was not formally introduced in evidence at the hearing on the motion to correct the record, and was not referred to in the decision of the motion. Whether the court refreshed its memory by

examining the memorandum does not appear. If the court needed to do so, doubtless it did, but in any event, this court is not authorized to declare the district court did not know what the judgment was when it corrected the record.

The district court was just as meticulous in making a memorandum on its docket of disposition of the motion to correct the record as it was when the judgment was rendered, and the second memorandum immediately follows the first on the court's docket. In accordance with the second memorandum, the final journal entry contains the following:

"That upon the decision of said motion it was decreed that the defendant be given reasonable time and opportunity to meet back payments such as facts and circumstances may warrant and may later file motion or answer to set aside this order or be entirely relieved from back payments. Thereupon the defendant asked and was granted leave to file his answer."

Defendant did not choose to take advantage of this permission, but appealed, and there is nothing before this court but propriety of the order correcting the record.

The judgment of the district court is affirmed.