No. 36,124

Lelia Bush, *Appellee*, v. William A. Bush, *Appellant*.

(150 P. 2d 168)

Opinion filed July 8, 1944.

*Otis S. Allen,* of Topeka, argued the cause, and *George S. Allen,* of Topeka, was on the briefs for the appellant.

*Ralph F. Glenn,* of Topeka, argued the cause, and *M. D. Bartlow,* of Topeka, was on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was a proceeding by a divorced husband to set aside a purported judgment for alimony.

Defendant's motion was filed in the original divorce action which was decided in 1925. The motion was based upon the ground the judgment was for alimony and as such was null and void for the reason it was indefinite in that it was made payable in monthly installments without fixing the total amount to be paid. Another question arising out of the instant proceeding pertains to the order directing defendant to pay an attorney's fee to plaintiff's attorneys for services rendered in resisting defendant's motion to set aside the 1925 judgment. The trial court overruled defendant's motion to set aside the former judgment and in response to plaintiff's motion for an order *nunc pro tunc* corrected the journal entry of judgment so

as to make it clearly appear the installment payments were made for the support of four minor children. Defendant appeals from those rulings and from the above mentioned order involving the allowance of an attorney's fee.

We shall treat the rulings complained of in the order stated. For clarity we shall continue to refer to the parties as plaintiff and defendant. The portion of the journal entry of judgment relied upon by the defendant as embracing a void judgment was as follows:

". . . that the plaintiff be and she is hereby awarded alimony for the support of herself and said minor children in the sum of sixty ($60.00) a month, payable in installments of fifteen dollars a week to begin immediately and to continue until the further order of the court; said payments are to be made to the clerk of this court and shall not be made later than Tuesday morning each week; the court hereby retains jurisdiction of said cause for the purpose of making any further or different order or orders. which it may deem necessary respecting the custody, maintenance or education of said children."

Defendant's motion to set aside the 1925 judgment was sustained on December 8, 1943. Plaintiff promptly filed a motion to set aside that ruling and requested the court to make an order *nunc pro tunc* correcting the journal entry of judgment filed July 28, 1925, upon the ground it did not conform to the order actually made by the court at that time. In support of this last motion the trial court received and considered evidence. The journal entry of judgment discloses the court made the following specific findings of fact:

"Thereupon evidence was introduced by plaintiff in support of said motion, including the appearance docket in this case and the original trial docket sheet showing the minutes and order made by this court on July 28, 1925. After hearing the evidence and arguments of counsel, the court took this matter under advisement.

"Now on this 24th day of December, 1943, the above matter comes regularly on for decision by the court.

"After considering the evidence and arguments of counsel, and after being fully informed in the premises, the court finds that said motion should be sustained; that the order and judgment actually made by this court on July 28, 1925, did not contain an order for the payment of alimony to the plaintiff, and that no alimony was requested or prayed for by the plaintiff in her petition. That the judgment and order actually made by this court on July 28, 1925, granted a divorce to the plaintiff, granted the plaintiff the custody of the four minor children of the parties, and ordered defendant to pay the sum of $60.00 per month for the support of the minor children. That no part of said order of $60.00 per month was made or intended to be as alimony to said plaintiff, and that the journal entry as written and filed in this case at that time erroneously stated that said allowance of $60.00 per month was for

alimony for plaintiff and for support money for said children. The order and judgment of this court as shown by the minutes on the trial docket was as follows:

"*July 28, 1925*, 'Divorce granted plaintiff. Plaintiff given the custody of minor children, Wm. Harold, John V., Betty Jane and Victor C. Bush, and defendant ordered to pay into court the sum of $60.00 per month for support of said children. Defendant permitted to take said children at certain times as provided in journal entry. Costs taxed to defendant.'

"The court further finds that the order it made herein on December 8, 1943, in which it held that the judgment for alimony and support money in this case as entered on July 28, 1925, was void for the reason that the amount of alimony was not definitely fixed, was erroneously made without full information of the facts and records of this case, and without evidence relative to the above trial docket minutes, and that said order of December 8, 1943, should now be forthwith set aside and held for naught."

The trial court set aside its order of December 8, 1943, and ordered the original journal entry of judgment corrected in compliance with the above findings. The 1925 order as it appears on the trial docket was made by the Hon. James A. McClure, who at that time was one of the district judges of Shawnee county. Judge McClure was not called as a witness in the instant proceedings. We are, however, advised the Hon. George A. Kline, the district judge who heard the instant proceeding, was Judge McClure's court reporter in 1925. From an examination of the entire record in the original divorce case, including the pleadings, we cannot say the findings made by the trial court in the instant proceeding are not supported by substantial evidence. From the record it also appears the nature of the order actually made, and previously quoted, was recorded on the appearance docket just as it was on the trial docket.

It is true the journal entry of judgment purports to be a record of the judgment rendered but it is not necessarily the judgment actually rendered. (*Tincknell v. Tincknell,* 141 Kan. 873, 44 P. 2d 212; *Perkins v. Ashmore,* 144 Kan. 540, 61 P. 2d 888.) It is the duty of the clerk of the district court to keep a journal and to record thereon all judgments, decrees and orders of the court. (*State v. Linderholm,* 90 Kan. 489, 135 Pac. 564.) The power to enter judgments, decrees and orders *nunc pro tunc* is inherent in courts, both in law and equity, and its existence is not dependent upon any statute. (*Victory Life Ins. Co. v. Freeman,* 145 Kan. 296, 65 P. 2d 559; *Elliott v. Elliott,* 154 Kan. 145, 114 P. 2d 823.) If the journal entry fails to accurately reflect the judgment actually

rendered it is the duty of the court to make it speak the truth. (*State v. Linderholm,* supra.)

It was established early that the record of a judgment can always be corrected so as to make it speak the truth and upon any satisfactory evidence, parol as well as written (*Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530; *Chemical Co. v. Morrison,* 76 Kan. 799, 92 Pac. 1114) and that the minutes of the trial court may be presumed to be a trustworthy chronicle of events as they transpired at the trial, and that they are competent and ordinarily controlling on the question of what order was in fact made. (*Aydelotte v. Brittain & Co.,* 29 Kan. 98; *Packard v. Packard,* 95 Kan. 644, 652, 149 Pac. 404; *Boatman v. Boatman,* 142 Kan. 107, 108, 45 P. 2d 592.)

Of course, it is not the function of an order *nunc pro tunc* to alter the judgment actually rendered. Its purpose is merely to correct the record of that judgment. The function, therefore, of a *nunc pro tunc* entry is not to make an order now for then, but to enter now for then an order previously made. (*Schneider v. Schneider,* 147 Kan. 621, 73 P. 2d 16.) Such an order may be made after the term as well as during the term in which the judgment is rendered. (*Cazzell v. Cazzell,* 133 Kan. 766, 3 P. 2d 479; *Schneider v. Schneider* and *Elliott v. Elliott,* both *supra.*) A notable instance of the application of this rule appears in the case of *Rogers v. Bigstaff's Executor,* 176 Ky. 413, 195 S. W. 777, where the *nunc pro tunc* order was made fifty-five years after the rendition of the judgment. (See, also, *Cazzell v. Cazzell,* supra, p. 768.)

Prior to the correction of the journal entry of judgment the trial court denied plaintiff's motion for an attorney's fee to be paid to her attorneys for their services in resisting defendant's motion to set aside the 1925 judgment. When the trial court subsequently heard the evidence and determined the judgment actually rendered was for the support of the minor children, it sustained plaintiff's motion for an attorney's fee.

Defendant concedes the statute authorizes the allowance of a fee which will insure the efficient preparation of a wife's case and its prosecution or defense. (G. S. 1935, 60-1507.) He, however, contends the statute does not authorize such a fee for the purpose of collecting a judgment. He further argues the judgment is now unenforceable by reason of plaintiff's laches and cites *McKee v.*

*McKee,* 154 Kan. 340, 118 P. 2d 544. He also urges that since the minors are now of age the order for their support has spent its force and relies especially upon the decision in *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409. On the other hand, plaintiff contends:

This was a judgment rendered in her behalf for the support of the minor children over which she was given the care and custody; that defendant violated the order by paying the installments only for approximately one year; that defendant has just recently returned to the state and in the interim shifted to her the financial burden of the maintenance, support and education of the minor children; that defendant is the moving party to set aside the order made in 1925 and that she is merely resisting his efforts to deprive her of the benefits of the order actually made; that the court in 1925 reserved jurisdiction over the subject of the maintenance, support and education of the minor children and that under all the circumstances the trial court was justified in providing her with counsel at defendant's expense.

Concerning the contentions advanced by the respective parties on the subject of an attorney's fee it is sufficient to say the record before us now presents no question whatsoever with respect to the actual collection of the judgment as corrected. The record before us discloses no ruling of the trial court upon that subject. The only orders from which an appeal was taken are the orders previously discussed, namely, the order overruling defendant's motion to set aside the judgment of 1925, the order sustaining plaintiff's motion for an order *nunc pro tunc* and the order allowing an attorney's fee.

The contention the court was without power or authority to allow an attorney's fee to plaintiff's attorneys for their services in resisting defendant's attempt to set aside an order intended for the support of minor children has been decided adversely to defendant's contention. (*Hipple v. Hipple,* 128 Kan. 406, 278 Pac. 35; *Davis v. Davis,* 148 Kan. 826, 84 P. 2d 849.)

The judgment is affirmed.