No. 37,141

CHARLES A. GIBBONS, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(199 P. 2d 173)

Opinion filed November 13, 1948.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Edward F. Arn,* attorney general, and *Harold R. Fatzer,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

HOCH, J.: In an original proceeding in habeas corpus, the petitioner seeks release from the penitentiary where he is serving a life

sentence for murder in the first degree. Summarized, his contentions. are that his constitutional rights were violated in that (1) he was prosecuted upon information rather than after indictment by a grand jury; (2) he was denied due process of law because the court did not properly instruct the jury on the question of self-defense; (3) he was denied due process of law in that he was tried, convicted and sentenced within a period of less than 24 hours; and (4) he was denied proper representation by counsel.

The petitioner was prosecuted on an information filed by the county attorney of Cherokee county, Kansas, on a charge of murder in the first degree committed on or about the 21st day of May, 1930; the case came on for trial on October 10, 1930; the defendant having pleaded not guilty, the jury was duly impanelled and sworn in at noon on October 13, 1930; the trial duly proceeded until 5 p. m. on that date; the trial was resumed on the morning of October 14, 1930, until the cause was submitted at 3:40 p. m. on the same day, and at 4 p. m. on that day the jury returned its verdict finding the defendant guilty as charged. On October 18, 1930, defendant's motion for a new trial was heard and overruled, and sentence to life imprisonment followed after the defendant had been asked in open court whether he had any cause to show why judgment and sentence should not be pronounced, and no sufficient cause had been alleged or shown.

The first question raised by petitioner has been heretofore considered and disposed of adversely to petitioner's contention. (*Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894.)

Petitioner's second contention presents no question that could be reviewed in this proceeding. Errors in instructions by the court constitute trial errors reviewable only by appeal and not in a habeas corpus proceeding. (*Hill v. Hudspeth*, 161 Kan. 376, 168 P. 2d 922; *Powers v. Hudspeth*, 161 Kan. 777, 173 P. 2d 251; *Kneisley v. Hudspeth*, 161 Kan. 772, 173 P. 2d 247, and cases cited on page 774.) However, the respondent has filed a certified copy of the instructions given by the trial court in this case on the subject of self-defense. Their examination shows that the instructions on that question were unusually complete and furnish no grounds for complaint.

Petitioner's contention that he was denied due process of law because he was tried and convicted within a period of less than

twenty-four hours is also without merit. The record discloses that the information was filed on October 4, 1930; that the defendant was arraigned on October 10, 1930; that the case was continued until October 13; that trial began on the morning of October 13; that the cause was submitted to the jury in the late afternoon of October 14. The fact that the jury took only fifteen minutes to arrive at a verdict constitutes no irregularity or denial of due process.

Petitioner offers no evidence to support his assertion that he was denied proper representation by counsel and it is wholly disproved by the record. When it appeared, upon arraignment, that he had no counsel and was unable to employ any, the court appointed Mr. I. N. Kuhn, a reputable and experienced attorney of Cherokee county, to represent him, and Mr. Kuhn did actively represent him throughout the trial and presented and argued a motion for new trial. Mr. Kuhn and Mr. John W. Hamilton, the then presiding judge, are deceased. The respondent submits an affidavit by Mr. Leo Armstrong who was the then prosecuting attorney in which he states that the defendant waived preliminary examination before the justice of the peace upon advice of his then attorneys, C. B. Skidmore, of Columbus, Spencer Apple, of Baxter Springs, and A. H. Garner, of Joplin, Mo.; that when the defendant was arraigned in district court and entered his plea of not guilty on October 10, 1930, the above named attorneys withdrew from the defense and upon being advised by the defendant that he was unable to employ other counsel, the court appointed Mr. Kuhn to represent him; and that all of this was without objection on the part of defendant or his attorney.

No grounds being shown for granting the writ, it is hereby denied.