No. 41,432

Leo Tafarella, *Appellee*, v. Tracy A. Hand, Warden, Kansas State Penitentiary, *Appellant*.

(347 P. 2d 856)

Opinion filed December 12, 1959.

*Charles N. Henson,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, and *J. Richard Foth,* Assistant Attorney General, and *John A. Emerson,* Assistant Attorney General, were with him on the briefs for the appellant.

*Gerald L. Goodell,* of Topeka, argued the cause, and *Lester M. Goodell, Margaret McGurnaghan, Marlin S. Casey, Raymond Briman,* and *Thomas R. Sewell,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: This is a habeas corpus proceeding in which the warden of the Kansas state penitentiary appeals from an order and judgment of the district court of Leavenworth County granting the petitioner, Leo Tafarella, a writ of habeas corpus and directing his release from the warden's custody.

There is no dispute respecting the basic facts responsible for petitioner's detention. According to the record presented he was charged by information in the district court of Crawford County with the crime of first degree murder, jointly with Roy Ramsey and James Samuel George. When his case was called for trial on September 26, 1949, he was present in court without counsel and announced ready for trial. Thereafter he was advised by the court that it could and would appoint counsel for him. Upon receipt of this information he stated he did not desire counsel and executed a verified written waiver before the clerk of the court. In this instru-

ment he stated that with full knowledge of his right to court-appointed counsel he was giving the court to understand he did not desire to be so represented and requested the court to accept his plea of guilty to the information charging him with murder in the first degree, without the appointment of counsel by the court. Thereupon the state offered in evidence a statement, signed by petitioner, admitting his part in the crime as charged by the information filed against him. Petitioner read the statement and admitted it was true, whereupon it was admitted in evidence with his permission. He was then informed by the district judge that his plea of guilty of murder in the first degree, as charged in the information, was accepted by the court. Thereafter he was required to s'and for sentence and inquiry was made of him as to whether there was any legal and lawful reason why judgment and sentence should not be pronounced against him upon his plea of guilty and, upon no reason being alleged or shown, he was sentenced by the court to confinement in the state penitentiary for life at hard labor in accord with the statute.

On November 10, 1958, more than nine years after the foregoing conviction and sentence, petitioner filed a petition for a writ of habeas corpus in the district court of Leavenworth County. For purposes pertinent to the disposition of issues raised on this appeal it may be said that pleading alleges in substance that petitioner is being held in custody by the respondent in denial of "Due Process of Law," because of the trial court's failure to comply with the requirements of Laws of 1941, Chapter 291, Section 1, now G. S. 1949, 62-1304, by reason of which such court lost its jurisdiction to render a valid judgment and sentence against him for the crime of murder in the involved case.

On November 15, 1958, the Hon. L. M. Resler, who, it is to be noted, is the same district judge who rendered the judgment in the petitioner's case on September 26, 1949, entered an order *nunc pro tunc*, correcting the journal entry in such case, which reads:

"Now on this 15th day of November, 1958, comes on for hearing the Motion of plaintiff for an Order entering judgment *nunc pro tunc* in this action as it pertains to defendant, Leo Tafarella. The State was represented by and through J. John Marshall, County Attorney in and for Crawford County, Kansas. There were no other appearances. The Court finds that adequate notice was given to the said Leo Tafarella by registered mail. The Court also finds from the records of the Court and the minutes of the trial judge in his docket, that there was a judgment and sentence duly pronounced and rendered in this action against the defendant, Leo Tafarella, on the 26th

day of September, 1949, whereby it was ordered, adjudged and decreed that defendant, Leo Tafarella, be sentenced to the Kansas State Penitentiary at Lansing, Kansas, for a term of life on his plea of guilty to first-degree murder but that through an oversight or omission of the then County Attorney, certain findings were omitted from the Journal Entry filed. This Court further finds that there should have been a finding in the Journal Entry that although defendant, Leo Tafarella, expressly waived Court appointed counsel, this Court also found that it would not be to the said defendant, Leo Tafarella's advantage to have Court appointed counsel over his objection, pursuant to G. S. 1935, 62-1304, as amended.

"IT Is, THEREFORE, ORDERED that the Journal Entry of Judgment and sentence against defendant, Leo Tafarella, be corrected to cure this defect and that the following findings of the trial Court be inserted therein and made a part thereof, as though set out originally therein, to-wit:

" 'The Court also finds that the appointment of counsel by the Court over defendant Leo Tafarella's written waiver and objection would not be to his, the said Leo Tafarella's advantage.' "

On the next day, i. e., November 16, 1958, the respondent, warden, answered the petition for writ of habeas corpus. It suffices to say that in this answer he denied that petitioner's restraint was illegal or in violation of law, alleged that petitioner was legally and lawfully confined in his custody under the September 26, 1949, judgment and sentence; and prayed that the writ be denied.

With issues joined as related the district court of Leavenworth County heard the cause and rendered judgment granting the writ. It may be said that, for all purposes pertinent to the issues involved on appellate review, such judgment, as reflected by the journal entry of judgment, reads:

(1.) "That on the 26th day of September, 1949, in the District Court of Crawford County, Kansas, in Case No. 3443, wherein the State of Kansas was Plaintiff and Leo Tafarella and others were Defendants, the defendant in said action, and the petitioner herein, entered a plea of guilty to a charge of first degree murder, and pursuant to said plea of guilty was sentenced by said Court to the Kansas State Penitentiary for the remainder of his natural life.

(2.) "The Court further finds that in said foregoing criminal action in said District Court of Crawford County, Kansas, the judgment, sentence and commitment of the defendant to the Kansas State Penitentiary, each was and is a nullity and wholly void and of no effect for the reason that the Court was without jurisdiction to receive and accept the said plea of guilty by reason of failure to comply with the provisions of R. S. 62-1304 of the Revised Statutes of Kansas, 1949, in that the Court failed to find and incorporate in the journal entry of judgment that the appointment of counsel over the objection of the defendant in said case would not be to his advantage, and, in addition, the Court further finds from Petitioner's Exhibit A attached to his petition, and a statement by counsel for the respondent that he was in possession of the same information as stated in said Petitioner's Exhibit A, that the court reporter,

Pete Kelly, made shorthand notes at the time said plea of guilty was entered, and the proceedings leading up thereto, but that said shorthand notes were subsequently lost; that they were not transcribed; that their correctness was not certified to, filed and made a part of the pleadings in said case as required by said R. S. 62-1304 of the Revised Statutes of Kansas, 1949.

(3.) "The Court further finds that in the month of November, 1958, a *nunc pro tunc* order was entered in said Crawford County case, whereby the Court made a finding by adding to the journal entry of judgment in said cause that the appointment of counsel over the objection of the defendant, Leo Tafarella, would not be to his advantage; that said *nunc pro tunc* order is and was a nullity, wholly void and of no effect for the reason that it adds something to the journal entry that never occurred.

(4.) "The court further finds that the writ of habeas corpus should be granted and the petitioner ordered released from the custody of the respondent within five (5) days." (Numbers supplied.)

After rendition of the judgment the respondent, warden, perfected the instant appeal under a single specification of error. It reads:

"The trial court erred in finding that the District Court of Crawford County, Kansas, was without jurisdiction to accept Leo Tafarella's voluntary plea of guilty because of failure to fully comply with G. S. 1949, 62-1304."

In passing we note that in his brief, filed in this court, appellee states:

"The essential question before this court is whether the District Court of Crawford County, on September 26, 1949, had jurisdiction to accept appellee's plea of guilty to the charge of first degree murder, in view of the provisions set forth in G. S. 1949, 62-1304."

At the outset it can be stated that, after a careful and extended examination of the record in *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225, and in the case at bar, this court is convinced the facts, conditions and circumstances and, we may add except for lack of a transcript in the instant case, the issues involved in each case are so similar in nature that our decision in the *Ramsey* case must be regarded as a controlling precedent, compelling a conclusion that the record here presented establishes that the jurisdictional requirements of G. S. 1949, 62-1304, were satisfied by the findings made by the district court of Crawford County prior to its acceptance of appellee's plea of guilty in that court. Therefore, based on what is said and held in *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225, to which we adhere and all pertinent portions of which are hereby made a part of this opinion by reference, we hold that the first portion of finding 2, down to and including the words "would not be to his advantage," and all of finding 3, as heretofore quoted and so identified, made by the trial court, which in all fairness we pause

to point out were made long prior to the rendition of our decision in the case just mentioned, are erroneous and cannot be approved.

With particular reference to the conclusion just announced with respect to finding 3, it should perhaps be stated, that after giving them consideration we have rejected all contentions made by appellee touching his claim that the *nunc pro tunc* order made on November 15, 1958, is void and of no force and effect because (1) he refuses to recognize that a fair interpretation of the recitals of such order is that the trial court actually made the required finding that the appointment of counsel over his objection would not be to his advantage at the time of the trial, but through inadvertence such finding was omitted from the journal entry; (2) we are convinced that all such contentions are effectively answered in *Ramsey v. Hand*, supra, particularly at pages 360 to 362, incl., of the opinion; and (3) he declines to accept established rules of this court recognizing the right, power and authority of a court to make its judgment rolls speak the truth.

By way of supplementing what appears in the *Ramsey* case at pages 360 to 362, incl., and in further support of what is there said and held with respect to the power of the court to enter judgments, decrees and orders *nunc pro tunc*, it should be said that in this jurisdiction the hereinafter mentioned rules of law are well-settled and must be followed.

A judgment is one thing. The record of a judgment is a different thing, and what purports to be a record of a judgment may or may not be correct. (*Tincknell v. Tincknell*, 141 Kan. 873, 876, 44 P. 2d 212.) If not correct, the settled rule is that the trial court not only has the right but is under a duty to make the judgment rolls speak the truth. (*Morton v. Morton*, 149 Kan. 77, 81, 86 P. 2d 486; *Bush v. Bush*, 158 Kan. 760, 763, 150 P. 2d 168; *Christisen v. Bartlett*, 73 Kan. 401, 84 Pac. 530; *The State v. Linderholm*, 90 Kan. 489, 135 Pac. 564.) Such a right is inherent in the court and is not dependent for its existence upon any statute. (*Bush v. Bush*, supra, 760, 762; *Elliott v. Elliott*, 154 Kan. 145, 114 P. 2d 823.) No act of the parties, such as approval of an incorrect journal entry, can prevent the court from making such correction (*Christisen v. Bartlett*, supra, 401, 403) nor is such power lost by the lapse of time. (*Christisen v. Bartlett*, 73 Kan. 404, 85 Pac. 594 [rehearing]; *Hart v. Hart*, 98 Kan. 745, 746, 161 Pac. 585; *The State v. Linderholm*, supra, 489.) Hence such correction can be made at any time, notwithstanding the expiration of the term. (*Overlander v. Over-*

*lander,* 126 Kan. 429, 434, 268 Pac. 828; *State v. Frame,* 150 Kan. 646, 648, 95 P. 2d 278; *Elliott v. Elliott,* supra, 145, *Bush v. Bush,* supra, 760, 765). This power can be exercised on the court's own motion (*Christisen v. Bartlett,* supra, 404; *Morton v. Morton,* supra, 77), and it is therefore immaterial how the defect is brought to the court's attention. (*Morton v. Morton,* supra, 77, 81). The correction may be made upon any satisfactory evidence and it is sufficient if it be based upon the personal knowledge and recollection of the judge. (*Hart v. Hart,* supra, 745, 746; *Tincknell v. Tincknell,* supra, 873, 877; *Christisen v. Bartlett,* supra, 401, 403; *Overlander v. Overlander,* supra, 429, 434; *Gates v. Gates,* 160 Kan. 428, 431 to 434, incl., 163 P. 2d 395.) The correction is to be made by *nunc pro tunc* order. (*State v. Frame,* supra, 646, 648; *Elliott v. Elliott,* supra, 145) not making an order now for then, but entering now for then an order which had been previously made. (*Bush v. Bush,* supra, 760, 763.) And the power to make the order may in the discretion of the court be exercised upon its own motion and without notice to the parties affected. (*Christisen v. Bartlett,* supra, 404.)

As heretofore pointed out the decisive statute involved in this appeal is G. S. 1949, 62-1304. Applicable provisions thereof are set forth at length at page 356 of the opinion in the *Ramsey* case and for that reason will not be here quoted. Suffice it to say that portions thereof, heretofore mentioned as jurisdictional, are there identified by inserted numbers (1), (2) and (3), while those referred to as not being jurisdictional are identified by numbers (4) and (5).

Having established that the jurisdictional requirements of 62-1304 were satisfied by the findings made by the district court of Crawford County prior to its acceptance of the appellee's plea of guilty; that the record of the judgment and sentence imposed on that plea was corrected by a valid *nunc pro tunc* order so as to speak the truth before the trial of the involved habeas corpus proceeding in such manner as to comply with the requirements of the portion of 62-1304, identified in the *Ramsey* case by number (5); and that such record was before the district court of Leavenworth County on the date it granted the writ, the only important question remaining in this case is whether standing alone, failure on the part of the appellant to show compliance with the provisions of that portion of 62-1304, identified by number (4) was sufficient to vitiate what was otherwise a valid judgment and thus warrant the granting of the involved writ.

In connection with the question just mentioned it may be admitted that the provision of 62-1304, identified as number (4) reads: "A record of such proceeding shall be made by the court reporter, which shall be transcribed and reduced to writing by the reporter, who shall certify to the correctness of such transcript, and such transcript shall be filed and made a part of the files in the cause."

It may also be conceded, in fact the parties have stipulated, the trial docket of the sentencing and the then district judge of Crawford County now contains the statement that "Practically same proceeding had in the court when Leo Tafarella was sentenced as were had when Roy Ramsey was sentenced, except that Court Reporter, Pete Kelly made the short hand notes and his note book was lost or destroyed when move was made from the school house occupied as temporary quarters while present city hall and court room was being built, so shorthand notes cannot be transcribed."

Appellee contends that, even though it be determined—as we have here held—that the record presented discloses compliance with the requirements of the portions of 62-1304, *supra,* identified in the *Ramsey* case by numbers (1), (2), (3) and (5), the conceded inability of the appellant to establish compliance with the requirements of the hereinabove quoted provision of such section of the statute (identified in the *Ramsey* case by the number [4]) vitiates the judgment and sentence of the district court of Crawford County and therefore, in and of itself, requires an affirmance of the judgment granting the involved writ.

Nothing would be gained and it would only burden our reports to labor the question thus raised by the appellee. It suffices to say that it has recently been decided contrary to his position by this court in *Goetz v. Hand,* 185 Kan. 788, 347 P. 2d 349, where in disposing of a similar contention, we held:

"In a criminal action where counsel is appointed to represent an accused who is sentenced to imprisonment upon his plea of guilty, a judgment record showing full compliance with the jurisdictional requirements of G. S. 1957 Supp., 62-1304, (specified in *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225), insofar as applicable, is *prima facie* evidence to prove that the primary rights of the accused to a trial have been safeguarded as provided in the statute, and the uncorroborated statements of the accused in a subsequent habeas corpus action are insufficient to overcome this evidence. *The failure of the court reporter to be present and make a record of the proceedings under such circumstances is merely an irregularity which is not sufficient to vitiate the proceedings.*" (Syl. ¶ 1.) (Emphasis supplied.)

For another decision of like import, following *Goetz v. Hand,* supra, see *Tibbett v. Hand,* 185 Kan. 770, 347 P. 2d 353.

Based on the foregoing decisions, as well as *Ramsey v. Hand,* supra, we are required to conclude that where—as here—the record establishes that the jurisdictional requirements of 62-1304, *supra,* have been met by an otherwise adequate record, failure of the court reporter to make and file a transcript of the record of the proceedings in a criminal action in conformity with the provisions of such statute is merely an irregularity which is not sufficient to vitiate the proceedings or nullify the judgment and sentence.

What has been heretofore stated and held means that the judgment of the district court granting the writ of habeas corpus and directing the appellee's discharge is erroneous and must be reversed.

It is so ordered.