No. 42,335

LEE LEWIS, *Appellant,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(362 P. 2d 639)

Opinion filed June 10, 1961.

Appellant was on the briefs *pro se.*

Louis D. James, assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, and *J. Richard Foth,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the judgment of the trial court denying the issuance of a writ of habeas corpus to petitioner and remanding him to the custody of respondent.

Petitioner was originally charged in an information with the commission of the crime of second degree burglary and grand larceny and brought before the district court of Reno county for arraignment. The record shows that on March 9, 1959, at a preliminary hearing in the city court of Hutchinson petitioner had appeared and attorney John K. Leighnor had represented him wherein the testimony of witnesses was heard. A transcript of the record in the preliminary hearing was filed on March 10, 1959, in the office of the district court clerk of Reno county. At the arraignment the petitioner told the court he was represented by Jack Leighnor even though Mr. Weinlood's name appeared in the record as his attorney. Petitioner stated that Weinlood no longer represented him but Mr. Leighnor did. It was later explained by Mr. Leighnor ·that he had previously been appointed by the court. Upon inquiry of the trial court as to the date of his appointment, Leighnor explained that he did not recall it but when he returned to his office he would check the record and call the court and supply the information. Upon request of petitioner and his appointed attorney a jury trial was granted and hearing set for April 30, 1959.

Petitioner was found guilty by the jury and upon its verdict, the posttrial evidence, and the showing of one prior felony conviction, petitioner was sentenced for a term of not less than ten nor more than twenty years for second degree burglary, and no more than ten years for grand larceny, the sentences to run concurrently. (G. S. 1949, 21-523; 21-524; 21-107a.)

Both petitioner and respondent have set out identical records. The only complaint that petitioner makes in his attack on the judgment, sentencing and commitment of the Reno county district court is that G. S. 1949, 62-1304 was not fully complied with in every respect because petitioner appeared without counsel of his own choosing and the court did not inform him of his right to be represented by counsel of his own choosing; that the court appointed counsel without giving petitioner a chance to consult his own counsel. Petitioner also complains that no transcript was made of the proceedings, as required under G. S. 1949, 62-1304.

Petitioner relies on *Ramsey v. Hand*, 185 Kan. 350, 343 P. 2d 225 (cert. den. May 2, 1960, 362 U. S. 970, 4 L. ed. 2d 901, 80 S. Ct. 956) and other opinions cited therein at page 356, which calls the court's attention to *Tafarella v. Hand*, 185 Kan. 613, 347 P. 2d 356 (cert. den. May 31, 1960, 363 U. S. 807, 4 L. ed. 2d 1150, 80 S. Ct. 1243)

where the petitioner had originally been charged jointly with Ramsey in an information. However, reading these opinions shows very quickly that when those petitioners appeared as defendants for arraignment, they were without counsel. In the last attempt of Roy Ramsey (*Ramsey v. Hand,* 187 Kan. 502, 357 P. 2d 810) the previous Ramsey case was fully and comprehensibly discussed, as was the Tafarella case, *supra,* and there would be no good purpose served in repeating everything here that was there stated. Was the district court of Reno county ever informed by defendant that he was represented by counsel of his own choosing?

The trial court asked petitioner if he had an attorney, and the answer was "yes," and when he asked who the attorney was, the name was given. The court inquired if another named attorney no longer represented petitioner, and he replied, "He isn't any more." Was the attorney who was present supposed to represent him in both cases? The answer, "Yes, sir." All of the above indicates clearly that the trial court was making an earnest and complete effort to find out if petitioner had an attorney he wanted. It is impossible to put any other construction on petitioner's answers to the questions of the trial court than that petitioner had had Weinlood represent him, that he had been dissatisfied, and had changed to Leighnor; that petitioner had exercised a choice of counsel with whom he appeared in court. In *Trugillo v. Edmondson,* 176 Kan. 195, 270 P. 2d 219, a case very similar to our present one, it was stated:

"If we set aside convictions and sentences for such reasons there would never be an end to a criminal case." (p. 203.)

The Trugillo case is a much stronger case than our present one for there the petitioner's claim was not only failure to comply with G. S. 1949, 62-1304, but the appointed counsel was incompetent to conduct a proper defense against the serious charge of first degree murder. However, this court therein denied the writ of habeas corpus.

A more recent case of similar import is *Tibbett v. Hand,* 185 Kan. 770, 347 P. 2d 353, where an attorney was appointed in an original criminal prosecution, and according to the petitioner's uncorroborated contention, the official court reporter failed to transcribe the notes of the appointment of counsel on December 17, 1957. This court followed the decision in *Goetz v. Hand,* 185 Kan. 788, 347 P. 2d 349, and, in substance, stated that such matters are mere irregu-

larities and the unsupported or uncorroborated statements of the accused in a subsequent habeas corpus proceeding will not justify the issuance of a writ. The trial court did not err in denying the writ.

Affirmed.