No. 42,503

GEORGE LEE SZOPENSKE, *Petitioner*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Respondent*.

(363 P. 2d 410)

Opinion filed July 8, 1961.

George Lee Szopenske, petitioner, was on the briefs *pro se*.

*J. Richard Foth*, Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson*, Attorney General, of Topeka, was with him on the briefs for respondent.

The opinion of the court was delivered by

FATZER, J.: This is an original proceeding in habeas corpus. Petitioner was convicted in the district court of Harvey County for

the crime of burglary in the second degree and was sentenced on February 11, 1957, to confinement in the Kansas State Penitentiary for a term of fifteen years as an habitual criminal pursuant to G. S. 1949, 21-107a.

On January 10, 1957, an information was filed in the district court of Harvey County charging petitioner in two counts, burglary in the second degree, and larceny, respectively (G. S. 1949, 21-520, 21-523, 21-524). On that day petitioner appeared before the court without counsel. The court inquired whether he had counsel of his own choosing, and he indicated he desired the court to appoint counsel for him. Upon further inquiry, petitioner stated he had funds to employ counsel but did not know whether they were available to him. The court appointed Mr. Max Regier, a member of the Harvey County Bar, to represent him. On January 24, 1957, Mr. Regier reported to the court that petitioner had funds with which to employ counsel and asked that he be relieved of his duties as court appointed counsel. The record indicates the court considered and granted Mr. Regier's request, and he was permitted to withdraw as counsel for petitioner.

The record further indicates that the journal entry of judgment recited that on February 11, 1957, when petitioner's case was called for hearing, John W. Plummer, County Attorney of Harvey County, appeared for the state, and petitioner appeared in person and by and through his duly court appointed attorney, Mr. Rodney Stone. The record further indicates that Mr. Stone, after conferring with petitioner, obtained the county attorney's agreement to dismiss the second, or larceny, count, and obtained his further agreement that, if the petitioner entered a plea of guilty to the burglary count, he would recommend to the district court the petitioner be given the minimum sentence, fifteen years of imprisonment, as an habitual criminal under G. S. 1949, 21-107a. The court then inquired of petitioner whether, after consulting with his attorney, Mr. Stone, he understood the charges against him and the penalty that was about to be imposed upon him as a result of his plea of guilty to the burglary count, and he replied "I think I do." Thereupon the court accepted his plea of guilty, and imposed a sentence of fifteen years, which petitioner is presently serving.

Petitioner makes two contentions. First, that his conviction is void because the record does not show that a transcript was made of the appointment of Mr. Stone as his attorney pursuant to G. S.

1949, 62-1304, as amended, and second, that he was deprived of effective assistance of counsel, and was not fully advised of his rights, hence he was denied due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

The record affirmatively discloses the district court had jurisdiction of the offense and of the petitioner, and that he was represented by an able and competent attorney who performed valuable services for him. The petitioner cites and relies upon *Ramsey v. Hand*, 185 Kan. 350, 343 P. 2d 225 (*certiorari* denied May 2, 1960, 362 U. S. 970, 4 L. ed. 2d 901, 80 S. Ct. 956); 187 Kan. 502, 357 P. 2d 810, and *Tafarella v. Hand*, 185 Kan. 613, 347 P. 2d 356 (*certiorari* denied May 31, 1960, 363 U. S. 807, 4 L. ed. 2d 1150, 80 S. Ct. 1243). Those decisions are not helpful to the petitioner. In the first place, a judgment record showing compliance with the jurisdictional requirements of G. S. 1959 Supp. 62-1304 of the appointment of counsel to represent the accused is *prima facie* evidence that his primary rights were safeguarded as provided in the statute, and his uncorroborated statements in a subsequent habeas corpus action are insufficient to overcome that evidence (*Tafarella v. Hand*, supra; *Goetz v. Hand*, 185 Kan. 788, 347 P. 2d 349). In the second place, they deal only with situations where an accused waives in writing his right to be represented by counsel, and the district court finds that the appointment of counsel over his objection will not be to his advantage. That is not the case here. Able and competent counsel was appointed to represent petitioner and there is no merit in his contention that he was without the effective assistance of counsel. The record amply demonstrates otherwise. What was said and held in *Lewis v. Hand*, 188 Kan. 426, 362 P. 2d 639, controls. No further reference to that decision is here made except to say it held that the petition did not authorize the granting of a writ of habeas corpus under almost parallel circumstances as here presented.

We have fully examined the record and find no basis for the issuance of a writ of habeas corpus for either of the reasons asserted by the petitioner. The writ is denied.