No. 42,605

VERL NEWBURN, *Appellant*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee.*

(368 P. 2d 18)

Opinion filed January 20, 1962.

*Verl Newburn, pro se.*

*Park McGee,* assistant attorney general, argued the cause, and *William M. Ferguson,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: In this habeas corpus proceeding begun in the district court by the above inmate of the state penitentiary, the sole contention is that the appellant was denied due process of law because he was not adequately assisted by counsel appointed by the district court of Sheridan county to represent him in a prosecution for burglary in the second degree and upon a second count of grand larceny. The appellant is now serving a sentence assessed upon a plea of guilty to those crimes by the district court of Sheridan county.

Appellant's contention seems to be based upon a supposition that the record of his conviction shows this contention to be true. In fact, the record would indicate appellant was well represented. The district court conducted a formal arraignment of the appellant; then inquired whether he had or could provide counsel for himself and appellant asked that counsel be appointed in his behalf. The court then appointed Mr. John R. Eland, a member of the bar, to represent him.

The chief complaint of appellant comes from the record where it is shown that after the appointment, the judge inquired whether Mr. Eland wished to consult with his client, the appellant, and Mr. Eland replied that he had already consulted with him and that appellant was ready to enter a plea of guilty.

Appellant makes the rather academic observation that counsel had just been appointed and therefore could not have consulted

with his client. Of course, in a small bar such as in Sheridan county there was nothing to prevent counsel from knowing that he would be appointed to represent appellant, if he had not already been advised of that fact by the court. The record would indicate that it was no surprise to appellant when the appointment was made. Furthermore, the record shows that defendant had previously confessed to the crimes charged against him and that he knowingly entered his plea of guilty thereto.

Appellant alleges that he did not know that Mr. Eland was incompetent but that the district court did have that knowledge. We would rather think that the district court was fully aware that Mr. Eland was a competent young member of the bar. Even this court is aware of that, and is also aware that Mr. Eland is now county attorney of Sheridan county, which fact may not have come to the attention of the appellant.

The record goes on to show that the appointed counsel for appellant had undoubtedly made an agreement with the county attorney to the effect that if appellant pleaded guilty to the crimes to which he had already confessed, he would not be sentenced as an habitual criminal under the provisions of G. S. 1949, 21-107a. This agreement was carried out apparently with the full knowledge of everyone including the defendant. While former convictions were not shown because of the agreement (see *State v. Tague*, 188 Kan. 462, syl. ¶ 2, 363 P. 2d 454), it appears that the county attorney was aware of the fact that appellant had former convictions of felonies. In fact, the transcript shows that appellant admitted "about four years" prior service as an inmate of the Lansing penitentiary when questioned by the court.

The appellant was sentenced to a maximum of ten years for burglary in the second degree (G. S. 1949, 21-523). On the second count of grand larceny, see G. S. 1959 Supp. 21-533 and G. S. 1949, 21-534, appellant was given a sentence not to exceed five years. However, in view of the fact that appellant had had prior experience, as indicated above, the county attorney recommended and the court provide that the two sentences should be served consecutively.

If appellant had been convicted of as many as two felonies previous to his sentence in Sheridan county and they had been shown to the court under the provisions of G. S. 1949, 21-107a, appellant might have received a life sentence. If only one prior conviction

existed, appellant could have been given a sentence for a maximum of thirty years. Appellant should feel indebted to his counsel rather than trying to claim that he was unqualified.

Despite the fact that there would appear to be no showing of inadequacy of counsel in this case, we might observe that appellant could not really complain if he had not been given for his counsel the most brilliant lawyer in the state (*Szopenske v. Hand*, 188 Kan. 590, 363 P. 2d 410; *Miller v. Hudspeth*, 164 Kan. 688, p. 707, 192 P. 2d 147; *Gibbons v. Hudspeth*, 166 Kan. 2, p. 4, 199 P. 2d 173).

There is no merit in the instant appeal and the decision of the district court is affirmed. It is so ordered.