### BENJAMIN L. BALCH & Wife *vs.* ROBERT G. SHAW.

Courts of record have power, at any time, as well after, as during the term, at which any entry is made, of their own motion or on the suggestion of any party interested, and *without notice to any one*, to correct the mistakes and supply the omissions of their clerks or recording officers, so as to make the record conform to the truth of the case; and are the exclusive judges of the necessity and propriety of so amending and extending their records, and of the proofs and of the sufficiency of the proofs on which to proceed.

THIS was a writ of entry, dated the 25th of August, 1849, in which the demandants claimed title in right of the wife as heir of John Tilley. The trial was in this court, before *Fletcher*, J., from whose report the following facts appeared:

The tenant, to make out his title, produced a record of the court of common pleas for this county, from which it appeared, that at the October term of that court, 1824, the executors of John Tilley were empowered to sell and pass deeds

to convey certain real estate of their testator, including the demanded premises, and also a certain wharf estate, for the payment of his debts and charges of administration. And the tenant proved that, pursuant to this license, the demanded premises were duly sold at auction and conveyed by said executors, on the third of November, 1824, to Charles Jones, who, on the 24th of April, 1845, conveyed the same to the tenant.

The demandants thereupon offered evidence of proceedings had upon the petition of one Nathaniel Vinal at the January term of the court of common pleas, 1838, and an order passed that the clerk make up the record of the order passed at the October term, 1824, and enter the same at large, according to the minutes in the dockets and the proceedings on file, among the records of October term, 1824; and also proved, that Vinal was interested as owner of part of the wharf estate, named in the order passed at the October Term, 1824, but never had any interest in the premises demanded in this action. The demandants objected to the proceedings in the court of common pleas, because the record of the order passed at the October term, 1824, was not made up and entered at large until 1838; that if the court had power to order the clerk to make up the record, there was not sufficient matter of record from which to make it up; that there was a want of judicial action upon the petition of John Tilley's executors; that the clerk of the court in 1838 was not the proper person to make up the record, but the clerk in 1824; that Vinal was not the proper person to petition the court to order such record to be made up; that no notice was ordered upon the petition of Vinal; and that some of the matters set forth in Vinal's petition were not true.

There being no question of fact in dispute, it was agreed that the case should be taken from the jury and reported to the full court; and that if the court should be of opinion that there was a sufficient record of the order of the court of common pleas, made at the October term, 1824, to sell the demanded premises, judgment should be rendered for the tenants; otherwise such judgment as the court might direct.

*L. Gale*, for the demandants.

*E. Blake*, for the tenant.

FLETCHER, J. This is a writ of entry. The demandants claim in right of the wife as heir of John Tilley. The tenant claims under a sale by the executors of John Tilley, by virtue of a license of the court of common pleas. To make out his title, the tenant produced a record of the court of common pleas. The case turns, therefore, upon the question whether the record was rightfully amended, so that the tenant can maintain his title on that record.

There can be no doubt that it is competent for a court of record, under its general, inherent, and necessary authority, to correct the mistakes and supply the defect of its clerk or recording officer, so as to have the record conform to the actual facts and truth of the case, and that this may be done at any time as well after as during the term, *nunc pro tunc.* The length of time in this case, between granting the license and making up the record, does not take away the right or jurisdiction of the court. The authorities upon this point are numerous and conclusive.* This was not a case of want of jurisdiction, in which the record cannot be amended, because, there being an omission to act, there is nothing to record; in such case, the defect is not in the record, but in the action of the court.

It was further said in argument, that there was not sufficient material from which to make up the record. But the court of common pleas, having the exclusive right and jurisdiction in the matter, were the proper judges of the necessity and propriety of extending the record, and of the proofs and of the sufficiency of the proofs upon which to proceed. Such a record, when made up, is conclusive, until altered or set aside by the same or some other court having jurisdiction, but it cannot be drawn in question collaterally when such record is used or relied upon in support of a title.

It was further said, that the extended record was invalid, because made without notice. But this was not a case for

---

* See *Usher* v. *Dansey*, 4 M. & S. 94; *Atkins* v. *Sawyer*, 1 Pick. 351; *Tilden* v. *Johnson*, 6 Cush. 354; *Hall* v. *Williams*, 1 Fairf. 278, 288; *Close* v. *Gillespey*, 3 Johns. 526; *Waldo* v. *Spencer*, 4 Conn. 71.

notice. Surely a court of record need not give notice to all the world to come in and show cause why it should not make its record conform to the truth of the case. Any party, who supposes he can show such cause, should apply to the court to have the record set aside or expunged, after it is made.

Then as to the objection that the record was extended upon the application of Vinal, who was not interested in the premises demanded in this suit. If he had an interest in the demanded premises, or if he had no interest, it would not be material. The court might amend their records upon their own motion, or upon the motion or suggestion of any one interested. It is not a proceeding in which there need be any parties. It is the act of the court itself, correcting its own records, to make them conform to the truth of the case.

These general views will render it unnecessary to consider particularly some other ingenious arguments which were offered by the counsel for the demandant. The court being of opinion that there was a sufficient record of the order of the court of common pleas to sell the premises conveyed to Jones, there must be *Judgment for the tenant.*