### GEORGE J. CHRISTISEN V. EDWIN BARTLETT.

No. 14,488.   (84 Pac. 530.)

SYLLABUS BY THE COURT.

1. JURISDICTION—*District Court—Correction of the Record.* A district court has the power to correct the entry of a judgment so as to cause it to speak the truth after the expiration of the term at which it was rendered, and upon the personal knowledge of the judge of what took place in court at the time of its rendition.

2. —— *Notice to the Parties.* Whether or not it is competent for a district court of its own motion, upon discovering that an error has been made in the entry of a judgment, to order a correction thereof without notice to a party affected, such want of notice cannot be made the basis of a complaint in this court by one who afterward filed a motion

| | |
|---|---|
| 73 | 401 |
| 74 | 626 |
| 73 | 401 |
| 76 | 803 |
| 76 | 804 |
| 73 | 401 |
| f78 | 747 |
| 73 | 401 |
| 81 | 184 |

asking that the entry be restored to its original form, and was given a hearing upon the merits of such motion, the decision of which was against him.

Error from Hodgeman district court; CHARLES E. LOBDELL, judge. Opinion filed April 7, 1906. Affirmed. Opinion denying a rehearing filed May 12, 1906.

*Finley & Madison,* for plaintiff in error.
*F. Dumont Smith,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Edwin Bartlett sued George J. Christisen in ejectment. A judgment was rendered for the defendant, which was immediately set aside, over his objection, upon demand of the plaintiff, by notice on the journal, the cause being then continued to the next term. A record was shortly thereafter made of these proceedings, stating that the judgment was rendered by consent of the plaintiff. The defendant then filed a petition in error in this court based upon the contention that, as the judgment had been given by consent of the plaintiff, the court had no authority to set it aside, the statute authorizing a second trial in ejectmen having no application to such a case. On the first day of the next term the district court of its own motion, and without notice to the defendant, made an order reciting that the journal entry theretofore made was incomplete and in part untrue, and directing a new entry to be made in accordance with the actual facts. The journal was thereupon corrected in obedience to this order. The new entry showed in detail the circumstances under which the judgment had been rendered, and in particular recited that the plaintiff consented to its rendition only upon the condition that it should be immediately set aside upon his application. Still later the defendant filed a motion to set aside the order of correction, and gave the plaintiff notice of a hearing upon it. A hearing was had, both parties being represented, and the motion was denied. The pro-

ceedings subsequent to the judgment are brought to our notice by supplemental transcripts.

Two questions are presented—whether this court shall look to the original or to the corrected entry to learn the circumstances under which the judgment was rendered, and whether, under the facts as disclosed by whichever entry shall be held to control, it was error for the district court to set aside the judgment.

The order of correction is objected to on three grounds: (1) That it was not in accordance with the real facts, and was not supported by sufficient evidence; (2) that it was made after the expiration of the term of court at which the judgment was rendered; (3) that it was made without notice to the defendant. The first two objections are covered by the decision of this court in *Martindale v. Battey, ante,* p. 92, where it was held that the record of a judgment can be corrected so as to speak the truth after, as well as during, the term at which it was rendered, and upon any satisfactory evidence, parol as well as written, although it was noted that there have been many decisions against each of these propositions. (See, also, *Investment Co. v. Walsh,* 70 Kan. 899, 79 Pac. 688.) There was no suggestion in this case of any purpose or attempt to change the order that was actually made—the alteration was only in the language of the record, describing what had been done. No question is involved of any rights having been acquired under the original entry that would be disturbed by its change. The personal knowledge of the judge as to what had taken place in his presence was equivalent to evidence on the subject, and a decision of fact made upon that basis cannot be reviewed here. The circumstance that his attorney indorsed an approval upon a form for the original journal entry is mentioned as estopping the plaintiff from denying its correctness. It was the duty as well as the privilege of the judge, however, to see that the record was correctly kept, and no act of the parties could prevent the exercise of that function.

That no notice was given to the defendant of the change in the record was presumably due to the fact that the change was ordered by the court of its own motion. Even in such a case, irrespective of any question of jurisdiction, the better practice would seem to be to give the parties affected notice of a proposed amendment and an opportunity to be heard upon the matter. Whether the defendant could otherwise complain of the want of notice in the present case need not be determined; he afterward, as already stated, filed a motion presenting directly the question as to what form of entry the facts required, and upon this motion a hearing was had, participated in by counsel for both parties. The court decided against the contention of the defendant. He has therefore had every advantage that would have been secured to him by a notice of the proposition to correct the record.

Accepting the corrected record as evidence of what actually took place, it is manifest that no error is shown. The judgment against the plaintiff was justified only by his consent, and his consent was expressly conditioned upon its being immediately set aside. Under these circumstances the court could not permit the judgment to stand. Fairness to the plaintiff required that it should be vacated, and as the order of vacation was made at the same term there can be no doubt of the jurisdiction of the court to make it.

The order of the district court setting aside the judgment is affirmed.

All the Justices concurring.

---

OPINION DENYING A PETITION FOR A REHEARING.

(85 Pac. 594.)

SYLLABUS BY THE COURT.

JURISDICTION—*District Court*—*Correction of the Record.* A district court has inherent power to correct the record of its proceedings so that it shall speak the truth and show what actually took place. This power is not lost by lapse of time, and may in the discretion of the court be exercised upon its own motion and without notice to the parties affected.

Christisen v. Bartlett.

The opinion of the court was delivered by

MASON, J.: In the original opinion in this case it was stated that one objection made by the plaintiff in error to the order of the district court amending the record of its judgment was that the purported correction did not accord with the real facts, and was not supported by sufficient evidence. In a motion for a rehearing it is truly said that this statement is incorrect, and that the only objections made to the order were based on the contention that the district court had no jurisdiction to make it.

This court was mistaken in supposing that counsel for the plaintiff in error were relying upon a claim that the first journal entry showed the actual proceedings that took place and that the second one did not. This mistake resulted from their having filed here an affidavit tending to impeach the second entry and support the first, and from the circumstance that at the oral argument the question of fact was the subject of some controversy. This affidavit, however, was presented in resistance of the motion of the defendant in error for leave to file a supplemental transcript, and the oral discussion referred to was only incidental. Neither upon the final submission of the cause here nor in his motion in the lower court to set aside the order amending the journal entry did the plaintiff in error raise an issue as to what was actually done at the time judgment was rendered. At the hearing of that motion affidavits were offered and rejected the contents of which are not shown, but the motion itself was based on purely jurisdictional grounds. The plaintiff in error stands upon the proposition that the district court had no power after the expiration of the term at which the judgment was rendered to order a change in the record of the judgment of its own motion and without notice to him. If his contention is sound he has done nothing to waive its benefits and is entitled to a reversal of the order.

In support of his position the plaintiff in error cites a number of decisions which are quite beside the question, because they refer to actual changes in the action of the court, while we are concerned here only with an alteration in the record made of such action. He also relies upon the language of the first sentence of section 569 of the civil code (Gen. Stat. 1901, § 5055), which reads:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action."

This language has obvious reference to the third subdivision of the preceding paragraph, which by the context is shown to have relation to the vacation or modification of judgments or orders actually made, and not to the correction of mistakes made in attempting correctly to register them. Whether it has any application to the matter of rectifying errors made by the clerk in recording orders need not be decided. If so, the method pointed out for accomplishing that purpose is not exclusive. A court of record has an inherent power over its own records which includes the authority to require the correction of any errors that may creep into them. This power is not lost by lapse of time or the expiration of a term of court. The duty of a court to see that its records speak the truth is an affirmative and active one, and it is not a jurisdictional prerequisite to its performance that one party should invoke it by motion or that the other should have notice before action is taken. (See 17 Encyc. Pl. & Pr. 912, 913, and 914, note 2.) The proposition is thus stated in the syllabus to *Balch & wife v. Shaw*, 61 Mass. 282:

"Courts of record have power, at any time, as well after, as during, the term at which any entry is made, of their own motion or on the suggestion of any party interested, and without notice to any one, to correct the mistakes and supply the omissions of their clerks or recording officers, so as to make the record conform to the truth of the case; and are the exclusive judges

of the necessity and propriety of so amending and extending their records, and of the proofs and of the sufficiency of the proofs on which to proceed."

In *Lewis v. Ross*, 37 Me. 230, 59 Am. Dec. 49, it was said, citing *Balch & wife v. Shaw, supra:*

"On general principles, it is competent for a court of record, and incident to its authority, to correct mistakes in its records, which do not arise from the judicial action of the court, but from the mistakes of its recording officer. In doing this, it may regulate its own action upon its own sense of responsibility and duty, and proceed upon suggestion, or on motion of those interested, or upon its own 'certain knowledge and mere motion.' It would not be an adversary proceeding, in which, of necessity, there should be parties, or in which notice would be required." (Page 235.)

In applying this principle in *Strickland v. Strickland*, 95 N. C. 471, the court said:

"The court did not enter the judgment it intended to enter, nor that authorized by what appeared in the record. Such errors may be corrected at any time, and after a long while, upon motion, or the court may and ought to correct them *ex mero motu* as soon as it sees them. This is necessary and proper, to the end the record shall speak the truth. The object is to make the record show what the court, in fact, resolved, intended, and in contemplation of law did." (Page 473.)

The further citation of authorities is unnecessary. The power referred to is undoubted, and is essential to the prevention of injustice. The manner of its exercise is necessarily committed to the sound discretion of the court, and must be governed by circumstances. Unquestionably, as suggested in the original opinion, it would ordinarily be better practice that a notice should be given. Possibly conditions might arise in which a failure to give notice would tend to show an abuse of discretion. In the present case the omission to give notice affords the plaintiff in error no cause of · complaint. As already stated, a notice was not necessary to confer jurisdiction to make the order, and it is manifest that its absence affected no substantial

right of the plaintiff in error. His motion to strike out the new entry was based solely upon technical grounds, and raised no issue as to what the record should say in order to speak the truth; but the fact that it was filed, noticed, argued, submitted and decided shows that he had abundant opportunity, if he cared to exercise it, to seek a remedy for any real wrong he believed he had suffered. As was said in *Balch & wife v. Shaw,* 61 Mass. 282:

"Surely a court of record need not give notice to all the world to come in and show cause why it should not make its record conform to the truth of the case. Any party who supposes he can show such cause should apply to the court to have the record set aside or expunged, after it is made." (Page 285.)

The motion for a rehearing is denied.

All the Justices concurring.