No. 25,302.

THE RANCHMEN'S TRUST COMPANY, *Appellant*, v. ROY O. JESSE,
THE PEOPLES STATE BANK OF MCPHERSON et al., *Appellees*.

SYLLABUS BY THE COURT.

JURISDICTION—*District Court—May Correct Errors in Record Upon Timely
Application and in Furtherance of Justice.* A district court has inherent
power to correct the record of its proceedings so that it shall speak the
truth, at or after the expiration of the term at which a judgment was ren-
dered, but is not required to do so except upon timely application and when
in furtherance of justice.

Appeal from McPherson district court. WILLIAM G. FAIRCHILD, judge.
Opinion filed July 5, 1924. Affirmed.

*Jean Madalene,* of Wichita, for the appellant.
*G. F. Grattan,* of McPherson, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves the right of a judgment
creditor in a foreclosure action to have the amount of the judgment
corrected after confirmation of a sale of the property involved.

On June 14, 1922, the plaintiff filed its petition to foreclose a
mortgage for $10,275, with interest from October 23, 1921. The
Peoples State Bank filed a cross petition for approximately $3,000.
Other defendants and cross petitioners interpleaded.. On November
6, 1922, judgment was rendered foreclosing the various mortgages
and allowing liens on the property according to seniority. After-
wards an agreed journal entry was signed, reciting, among other
things, that the allegations of plaintiff's petition were true, and that
there was due to plaintiff $10,275, which amount should bear inter-
est at the rate of 10 per cent per annum; that the allegations of the
cross petition of the Peoples State Bank were true, and that it was
entitled to recover $3,034.15, which amount should draw interest at
10 per cent per annum; that plaintiffs have a first and prior lien,
and that the property covered by the mortgages be sold to satisfy
the judgment; and that the Peoples Bank was entitled to a second
lien.

Thereafter, on December 30, 1922, the property was sold by the
sheriff to the Peoples State Bank for $13,500. On January 24, 1923,
a motion to confirm the sale was filed and the sale confirmed.
Thereafter, on February 12, 1923, the plaintiff received and re-

ceipted for $10,429.11 in payment and satisfaction of its judgment. On February 23, 1923, the plaintiff filed a motion, which, among other things, stated:

"Comes now plaintiff and moves the court for an order correcting the journal entry of judgment entered in this case on the 6th day of November, 1922, by amending and supplementing the same to conform with the facts and to cause the said journal entry to speak the truth, in the following particulars: By inserting the words 'from the 23d day of October, 1921,' after the clause 'That there is due from ·the said Roy O. Jesse and Jessie E. Jesse, on the written obligation sued on in this action, the sum of ten thousand two hundred and seventy-five ($10,275) dollars . . .,' so that the same shall read, 'ten (10) per cent per annum from the 23d day of October, 1921.' . . . Plaintiff further alleges that what appears to be an entry of satisfaction of said judgment in favor of plaintiff herein for the sum of ten thousand two hundred and seventy-five ($10,275) dollars with interest at the rate of ten (10) per cent per annum from the 23d day of October, 1921, appearing upon ·the docket of this court as entered on the 12th day of February, 1923, was so entered by inadvertence and oversight and by reason of a mistake in the journal entry as hereinbefore set forth, and does not speak the truth."

The court overruled the motion, and plaintiff appeals. The Peoples Bank contends that plaintiff's motion is not in furtherance of justice; that a purchaser who is a lienholder ceases to be a judgment creditor, and is to be redeemed from, and cannot redeem from others; that it, by being a purchaser and held to the status of a purchaser, has, by confirmation, lost all rights of redemption; that it bid $13,500 on the assumption that the plaintiff was entitled to only the amount stated in the judgment, and that, if the plaintiff is allowed interest from October 23, 1921, the amount thereof will necessarily be taken from the Peoples Bank.

Plaintiff's motion to correct the judgment was filed within the same term of court at which the judgment was rendered; but regardless of this fact, the court has power to correct the judgment to make it speak the truth. (*Christisen v. Bartlett*, 73 Kan. 401, 84 Pac. 530, 73 Kan. 404, 85 Pac. 594, and cases cited; Note, 10 A. L. R. 530.) The plaintiff was entitled to interest from October 23, 1921, but by inadvertence and oversight it was not so stated in the journal entry of judgment.

The plaintiff on February 12, 1923, received and receipted for $10,429.11. Eleven days thereafter it filed its motion to correct the journal entry. It did not, however, return into court the money which it had received, nor did it ask to have the sale set aside. It has had the use of the money since that time. It is clear that the

Spencer v. Casualty and Surety Co.

trial court did not consider that it would be in furtherance of the ends of justice to sustain the plaintiff's motion.

Considering all the equities that enter into the case and the results which would necessarily follow if the action of the trial court should be reversed, we conclude that where one of two parties must suffer loss by a mistake or inadvertence it should be that one whose mistake or inadvertence caused the loss, rather than the innocent party. It cannot be said that the trial court abused its discretion in overruling plaintiff's motion.

The judgment is affirmed.