No. 42,090

EMERY A. MILLER, *Appellant*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, *Appellee*.

(356 P. 2d 837)

Opinion filed November 12, 1960.

The appellant was on the briefs *pro se*.

*J. Richard Foth*, assistant attorney general, argued the cause, and *John Anderson, Jr.*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal in a habeas corpus case. As Emery A. Miller, appellant, was about to be arraigned on an information in the district court of Morton county and although fully advised of his right to counsel, he refused to accept the appointment thereof and insisted upon entering his plea of guilty without counsel. The court thereupon found that the appointment over appellant's objection would not be to his advantage. A transcript of the proceedings was made and appellant affixed his signature thereto, certifying that it was true and correct. A portion of the transcript reads:

"The Court: Are you in custody of the Sheriff? Mr. Miller: Yes, sir. The Court: Do you have any money in which to employ Counsel? Mr. Miller: No. The Court: Have you hired a lawyer to represent you? Mr. Miller: I don't want a lawyer. The Court: You don't want a lawyer? Mr. Miller: There is no contest. The Court: You won't accept an attorney? Mr. Miller: I plead there is no contest I don't need an Attorney. The Court: You have to make a plea of guilty or have it set down for Trial. Mr. Miller: I want to plead guilty. The Court: You have right to Counsel. Mr. Miller: That is right. The Court: If you don't have the money in which to employ Counsel it is my duty to appoint Counsel to represent you. Mr. Miller: I understand that. The Court: But you don't want Counsel? Mr. Miller: No sir. The Court: All right.

"Whereupon, the Court explained to the Defendant his right to have Counsel and if not Counsel of his own choosing he can have Counsel furnished by the Court and the Defendant again stated that he does not wish to have Counsel. Whereupon, the Court found that the appointment of Counsel over his objection would not be to his advantage.

"I certify that the above transcript is a true and correct record of the proceedings of this case."

"/s/  EMERY A. MILLER
"Emery A. Miller"

The transcript in the case was filed of record on the same day.

The original journal entry failed to reflect the finding made by the court that the appointment of counsel over appellant's objection would not be to his advantage. Subsequently, on motion of the county attorney, duly served on appellant, a hearing was held and the journal entry was duly amended *nunc pro tunc* to make the judgment speak the truth as disclosed by the record.

Appellant contends, first, that the trial court failed to comply with G. S. 1959 Supp., 62-1304, in that appellant did not waive counsel in writing and the court did not make a finding that the

appointment of counsel would not have been to appellant's advantage; and, second, that he was deprived of due process of law at the time the *nunc pro tunc* order was entered, in that he was not afforded an opportunity to be present at the hearing thereon.

In the instant case, instead of having the appellant sign a previously prepared waiver of counsel, the court caused a record of the proceedings, wherein the appellant expressed a desire to waive counsel, to be transcribed and signed by him, which document, entitled "Transcript of Oral Proceedings," is clearly a statement by the appellant that he did not want counsel to represent him, and is, just as clearly, "in writing." The Morton county district court merely made the same document serve two purposes; *i. e.*, waiver of counsel in writing and the transcript of the arraignment proceedings required to be filed in the case. Appellant contends that the lower court failed to find appointment of counsel over his objection would not be to his advantage, but it may be noted that the transcript recites such an express finding and the appellant himself certified the transcript was a true and correct record of the proceedings. This question is thoroughly treated this day in the case of *Griffin v. Hand*, No. 42,080, 187 Kan. 350, 356 P. 2d 812, and is controlling herein. Appellant's contention is without merit.

Appellant next contends that after he commenced his habeas corpus proceeding the Morton county district court could not amend its journal entry to speak the truth, and that because he could not be present at the time the *nunc pro tunc* order was entered, he was deprived of due process of law. In both aspects of this contention appellant confuses what actually transpired at the time of his arraignment with what the record showed. The validity of his conviction depends not on whether the journal entry was perfect in all respects, but on whether his rights were adequately protected by the court. The inherent right and duty of a court to make its records speak the truth was examined at length by this court in *Tafarella v. Hand*, 185 Kan. 613, 617, 618, 347 P. 2d 356, wherein we discussed the nature of a *nunc pro tunc* order and held:

"A judgment is one thing. The record of a judgment is a different thing, and what purports to be a record of a judgment may or may not be correct. (*Tincknell v. Tincknell*, 141 Kan. 873, 876, 44 P. 2d 212.) If not correct, the settled rule is that the trial court not only has the right but is under a duty to make the judgment rolls speak the truth. (*Morton v. Morton*, 149 Kan. 77, 81, 86 P. 2d 486; *Bush v. Bush*, 158 Kan. 760, 763, 150 P. 2d 168; *Christisen v. Bartlett*, 73

Kan. 401, 84 Pac. 530; *The State v. Linderholm,* 90 Kan. 489, 135 Pac. 564.) Such a right is inherent in the court and is not dependent for its existence upon any statute. (*Bush v. Bush,* supra, 760, 762; *Elliott v. Elliott,* 154 Kan. 145, 114 P. 2d 823.) No act of the parties, such as approval of an incorrect journal entry, can prevent the court from making such correction (*Christisen v. Bartlett,* supra, 401, 403) nor is such power lost by the lapse of time. (*Christisen v. Bartlett,* 73 Kan. 404, 85 Pac. 594 [rehearing]; *Hart v. Hart,* 98 Kan. 745, 746, 161 Pac. 585; *The State v. Linderholm,* supra, 489.) Hence such correction can be made at any time, notwithstanding the expiration of the term. (*Overlander v. Overlander,* 126 Kan. 429, 434, 268 Pac. 828; *State v. Frame,* 150 Kan. 646, 648, 95 P. 2d 278; *Elliott v. Elliott,* supra, 145, *Bush v. Bush,* supra, 760, 765). This power can be exercised on the court's own motion (*Christisen v. Bartlett,* supra, 404; *Morton v. Morton,* supra, 77), and it is therefore immaterial how the defect is brought to the court's attention. (*Morton v. Morton,* supra, 77, 81). The correction may be made upon any satisfactory evidence and it is sufficient if it be based upon the personal knowledge and recollection of the judge. (*Hart v. Hart,* supra, 745, 746; *Tincknell v. Tincknell,* supra, 873, 877; *Christisen v. Bartlett,* supra, 401, 403; *Overlander v. Overlander,* supra, 429, 434; *Gates v. Gates,* 160 Kan. 428, 431 to 434, incl., 163 P. 2d 395.) The correction is to be made by *nunc pro tunc* order. (*State v. Frame,* supra, 646, 648; *Elliott v. Elliott,* supra, 145) not making an order now for then, but entering now for then an order which had been previously made. (*Bush v. Bush,* supra, 760, 763.) And the power to make the order may in the discretion of the court be exercised upon its own motion and without notice to the parties affected. (*Christisen v. Bartlett,* supra, 404.)"

In the instant case the trial court had before it a transcript of the proceedings, certified as correct by the appellant, showing that the court had made a finding that the appointment of counsel over appellant's objection would not be to his advantage. The journal entry of judgment failed to reflect the fact that such a finding was made. It may be conceded that if the court had attempted to modify the judgment as to substance the appellant would have been entitled to notice and the right to be heard, but here, as in *Tafarella v. Hand,* supra, and *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225, the amendment did not go to the substance of the judgment but only to the correction of a clerical omission of the recital of an already existing fact. Under the principles announced in *Tafarella v. Hand,* supra, and the host of authorities cited therein, the correction of the journal entry could have been made without notice to appellant, as he had no unqualified right to be present when the *nunc pro tunc* order was entered. The judgment is affirmed under authority of *Griffin v. Hand,* supra, and *Tafarella v. Hand,* supra.

It is so ordered.