No. 42,080

Arthur Griffin, *Petitioner*, v. Tracy A. Hand, Warden, State Penitentiary, Lansing, Kansas, *Respondent*.

(356 P. 2d 812)

Opinion filed November 12, 1960.

J. *Richard Foth*, Assistant Attorney General, argued the cause, and *John Anderson, Jr.*, Attorney General, was with him on the brief for the respondent. Petitioner was on the brief *pro se*.

The opinion of the court was delivered by

Price, J.: Petitioner, now confined in the state penitentiary, seeks his release in this original proceeding in habeas corpus.

The point involved in the case concerns the provision relating to the waiver of counsel found in G. S. 1949, 62-1304—and, as amended —see G. S. 1959 Supp. 62-1304.

The facts shown by the record are as follows:

On October 1, 1959, petitioner, Arthur Griffin, twenty-two years of age, was arraigned in the district court of Cowley county on an

information charging forgery in the second degree. He was without counsel. The court advised him as to the nature of the charge; that he was entitled to a trial by jury; that he was entitled to employ counsel of his own choosing, and that if he was without funds to employ counsel it was the duty of the court to appoint counsel to represent him if he so desired. The petitioner in open court stated that he understood all of these matters and upon being asked as to his desires replied that he wanted to plead guilty. He thereupon entered a formal plea of guilty and sentence was imposed.

He then was asked if he would be willing to sign a waiver of appointment of counsel "as previously explained." He replied in the affirmative, whereupon the court made a finding that "it would not be to the advantage of the defendant to appoint counsel over written objection." He then executed the following waiver of counsel:

"WAIVER

"After being fully advised by the Court that I may employ counsel to represent me, or in case I am unable to or unwilling to employ counsel that the Court will appoint counsel to represent me in the above entitled case, I do hereby waive these rights and privileges with which I am familiar, and I do hereby state that I do not want counsel to represent me.

"/s/ ARTHUR GRIFFIN,
Defendant."

A record was made of these proceedings and the substance thereof was incorporated in the journal entry of trial and judgment.

Petitioner's contention is that the *signing* of the waiver and the *finding* by the court that it would not be to his advantage to appoint counsel over his written objection must come *before* the plea and sentence, and that because they came afterwards in this case his conviction and sentence are void.

The mentioned statute (62-1304) was discussed and analyzed thoroughly in the recent case of *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225 (cert. denied 362 U. S. 970, 80 S. Ct. 956, 4 L. ed. 2d 901), and there is no occasion to repeat what was there said and held. The record before us affirmatively shows that petitioner was advised of his right to counsel; that he voluntarily waived his right to appointment of counsel; that the court found appointment of counsel over his objection would not be to his advantage; that a record of the proceedings was made, and that the substance thereof was incorporated in the journal entry—all as required by the statute. Petitioner does not contend that he did not waive counsel in writing

or that such waiver was not freely and intelligently made. It is quite true that in the usual sequence of events the actual execution of waiver of counsel and the finding by the trial court that it would not be to the advantage of a defendant to appoint counsel over his written objection ordinarily would take place prior to the acceptance of a formal plea of guilty and imposition of sentence, but under the record before us the fact such literal sequence was inverted, so to speak, is immaterial.

Petitioner's constitutional and statutory rights were properly protected in all respects and there is no merit to his contenion. The application for a writ of habeas corpus is therefore denied.