No. 43,051

EMERY MILLER, *Appellant*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(372 P. 2d 993)

Opinion filed July 7, 1962.

Appellant was on the brief *pro se.*

*Park McGee*, Assistant Attorney General, argued the cause, and *William M. Ferguson*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order denying a petition for a writ of habeas corpus. Petitioner—hereafter referred to as defendant—is presently confined in the state penitentiary.

On February 9, 1959, defendant entered his plea of guilty in the district court of Morton county to charges of burglarly and larceny, and was duly sentenced to and confined in the penitentiary. He brought a habeas corpus proceeding in the district court of Leavenworth county, contending, among other things, that at the time of his plea and sentence in Morton county the trial court had not complied with the provisions of G. S. 1959 Supp., 62-1304, relating to the appointment of counsel, in that he did not waive counsel in writing and that the court did not make a finding that the appointment of counsel would not have been to his advantage. His petition for a writ was denied and he appealed from that ruling. This court affirmed in *Miller v. Hand*, 187 Kan. 352, 356 P. 2d 837. (Cert. de-

nied May 29, 1961, 366 U. S. 938, 6 L. Ed. 2d 849, 81 S. Ct. 1664.)

Defendant subsequently filed the instant proceeding in habeas corpus in the district court of Leavenworth county, seeking release from custody. His petition was denied and he has again appealed.

In this appeal defendant makes the same contention with respect to the appointment and waiver of counsel as he made in the former appeal (*Miller v. Hand,* above). The contention was treated fully in our former opinion, and what was there said and held will not be repeated. It is clear from the record that defendant's rights with respect to the matter were fully protected and that the statute was complied with.

As we understand defendant's contentions, some complaint also is made of the fact that the waiver of counsel was signed immediately *after* imposition of sentence—rather than *before.* This question was answered adversely to his contention in the recent case of *Griffin v. Hand,* 187 Kan. 350, 356 P. 2d 812.

G. S. 1949, 62-1510, provides:

"When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, and ask whether he have any legal cause to show why judgment should not be pronounced against him."

and it is contended the trial court in Morton county failed to comply with this provision of the criminal code. It is true that the journal entry of judgment does not contain a *specific* statement that before passing sentence the defendant was asked whether he had legal cause to show why judgment should not be pronounced against him—in strict and literal compliance with the mentioned statute. A similar contention was made in *The State v. Terry,* 98 Kan. 796, syl. 3, 161 Pac. 905 (dismissed 243 U. S. 662, 61 L. Ed. 952, 37 S. Ct. 482), and it was said:

"The record does not show the omission of any of the steps essential to the rendition of a valid judgment, and we can not assume from the mere silence of the record that the court acted erroneously in this respect." (p. 799.)

The record before us—and also as set out in *Miller v. Hand,* above —shows that defendant was duly arraigned and entered his plea of guilty to the charges, and there is no showing whatever that any of his fundamental rights were in any way prejudiced. On the point in question, involving a similar federal rule of criminal procedure, attention is called to a recent decision of the Supreme Court of the United States, *Hill v. United States,* U. S. 424, 7 L. Ed. 2d

417, 82 S. Ct. 468 (January 22, 1962), in which a contention similar to that advanced by defendant here was answered adversely to the petitioner in that case.

An examination of the record before us fails to disclose that in the proceedings below any of defendant's constitutional rights were violated, and the order denying a writ of habeas corpus is therefore affirmed.