No. 43,813

RICHARD C. WHITE, *Appellant,* v. SHERMAN H. CROUSE, Warden, Kansas State Penitentiary, *Appellee.*

(391 P. 2d 64)

Opinion filed April 11, 1964.

*Richard C. White,* Appellant, *pro se.*

*Robert J. Lewis, Jr.,* Assistant Attorney General, argued the cause, and *William M. Ferguson,* Attorney General, and *Arthur E. Palmer,* Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order of the district court of Leavenworth County denying petitioner—who is presently serving an unexpired sentence in the penitentiary for grand larceny —a writ of habeas corpus. The facts of record required to dispose of the decisive issues presented by the appeal will be stated briefly.

On March 27, 1961, petitioner was brought before the district court of Cherokee County for arraignment on an information charging him, under the provisions of G. S. 1959 Supp., 21-533, with an offense of grand larceny which, under the statute (G. S. 1949, 21-534), was punishable by confinement at hard labor not exceeding five years. Thereupon the following colloquy took place between the court and the petitioner:

"THE COURT: Are you financially able to hire an attorney?

"THE DEFENDANT: No.

"THE COURT: Under our law you have the right to have an attorney appointed for you by the court to serve you without pay if you are financially unable to hire an attorney. Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Do you desire to have an attorney appointed for you?

"THE DEFENDANT: No.

"THE COURT: And likewise, are your parents here in court?

"THE DEFENDANT: Yes, sir.

"THE COURT: And have you talked to them about this case?

"THE DEFENDANT: Yes.

"THE COURT: (pause) I have here a paper which states, 'I Richard White, about to be arraigned upon an information charging the offense of Grand Larceny hereby certify that I have been fully advised by the Court of my right to have counsel represent me in this case: that the court has offered me services of an attorney and has offered to appoint an attorney for me in this case; that I do not desire an attorney and do not want an attorney appointed for me and desire to enter my plea without having an attorney to represent me. Signed in open court at Columbus, Kansas this 27th day of March 1961,' and if that is your wish—."

Further facts disclosing what happened in petitioner's criminal case in the district court of Cherokee County can best be demonstrated by reference to certain instruments on file in that action, copies of which appear of record in the case at bar. They are: (1) An order of the trial court containing the following recitals:

"Now on this 27th day of March, 1961, same being a regular judicial day of the January, 1961, term of the above court, this cause comes on for hearing upon arraignment, and the court being fully advised in the premises finds that said defendant, Richard White, has stated in writing in open court that he does not want an attorney appointed to represent him, and has stated that he desires to enter his plea herein without having an attorney appointed to represent him, and the court further finds that it will not be to his advantage to have an attorney appointed for him."

And (2) the journal entry of judgment which reads:

"Now on this 27th day of March, 1961, the above-cause comes on for hearing, the State being present by the County Attorney, Jim Shaw, and the defendant, Richard White, being present in person but without an attorney; defendant's right to counsel is explained; defendant states orally and in writing that he does not desire the services of an attorney and the Court finds that it will not be to defendant's advantage to have an attorney appointed for him; whereupon defendant is arraigned; the information filed herein is read to defendant and defendant is advised of the penalty fixed by law; defendant pleads guilty to the offense of grand larceny (G. S., 1959 Supp., 21-533) as charged; defendant

is asked if he has any legal reason why he should not be sentenced upon his plea of guilty, and defendant states that he has none and none appears;

"It Is Therefore by the Court Ordered and Adjudged That the defendant, Richard White, be and he is hereby sentenced to confinement and hard labor at the Kansas State Penitentiary at Lansing, Kansas, until released as provided by law (G. S. 1949, 21-534) and he is further ordered to pay the costs of this prosecution; whereupon defendant is remanded to the custody of the Sheriff of Cherokee County, Kansas, to carry out the judgment and sentence of the Court."

Following his incarceration in the penitentiary, under the above mentioned judgment and sentence, petitioner commenced the proceeding giving rise to this appeal by filing a petition in the district court of Leavenworth County wherein, limited solely to the validity of such judgment and sentence, he charged in substance that his waiver of the right to counsel in the Cherokee County case was ineffective and invalid in that the court failed to advise him of his statutory right to the appointment of counsel; and that his plea of guilty to the crime, charged in the information in such case, was brought about by, and resulted from, promises of leniency, threats concerning the imposition of a sentence under the State Habitual Criminal Act, and threats concerning the prosecution of another, made by the county attorney who was in charge of the prosecution. In his answer the respondent, warden, denied all of the related allegations of the petition and alleged that petitioner was confined in the penitentiary pursuant to the valid and unexpired judgment and sentence of the Cherokee County district court. Thereupon, after a hearing at which the facts and proceedings related earlier in this opinion were fully developed, the court determined all issues joined by the pleadings in favor of the respondent and denied the writ. This appeal followed.

The essence of the first, and we may add the primary, claim advanced by appellant in this appeal is that his Cherokee County sentence is invalid because of the court's failure to comply with the provisions of G. S. 1959 Supp., 62-1304, now G. S. 1961 Supp., 62-1304, relating to waiver of counsel, which read:

"(a) [1] If any person about to be arraigned upon an indictment or information for any offense against the laws of this state be without counsel to conduct his defense, it shall be the duty of the court to inform him that he is entitled to counsel, and to give him an opportunity to employ counsel of his own choosing, if he states that he is able and willing to do so. [2] If he does ask to consult counsel of his own choosing, the court shall permit him to do so, if such counsel is within the territorial jurisdiction of the court. [3] If he is not

able and willing to employ counsel, and does not ask to consult counsel of his own choosing, the court shall appoint counsel to represent him, unless he states in writing that he does not want counsel to represent him and the court shall find that the appointment of counsel over his objection will not be to his advantage. [4] A record of such proceeding shall be made by the court reporter, which shall be transcribed and reduced to writing by the reporter, who shall certify to the correctness of such transcript, and such transcript shall be filed and made a part of the files in the cause. [5] The substance of the proceedings provided for herein shall be entered of record in the journal and shall be incorporated in the journal entry of trial and judgment. . . ." (Numbers inserted.)

In approaching consideration of appellant's first contention it can be stated at the outset, that the requirements of the heretofore quoted provisions of 62-1304, *supra,* have been discussed and analyzed thoroughly in our recent decisions of *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225, certiorari denied, 362 U. S. 970, 4 L. Ed. 2d 901, 80 S. Ct. 956, and *Tafarella v. Hand,* 185 Kan. 613, 347 P. 2d 356, certiorari denied, 363 U. S. 807, 4 L. Ed. 2d 1150, 80 S. Ct. 1243, under conditions, circumstances and issues so similar in nature that those cases must be regarded as controlling precedents, compelling a conclusion that the record here presented establishes full and complete compliance with the above quoted provisions of 62-1304, *supra.* This, we may add, is fully demonstrated by the factual statement set forth in the preliminary portions of this opinion which affirmatively discloses that appellant was advised of his right to counsel, that he orally and voluntarily waived his right to appointment of counsel; that he executed a written statement stating that he did not desire an attorney and did not want an attorney appointed for him; that the court by formal order found appointment of counsel over his objection would not be to his advantage; that a record of the proceedings was made, and that the substance thereof was incorporated in the journal entry—all as required by the statute. Therefore, based on *Ramsey v. Hand,* supra, and *Tafarella v. Hand,* supra, to which we adhere and all pertinent portions of which are hereby made a part of this opinion by reference, we hold that the claim now under consideration lacks merit and cannot be upheld.

For other decisions supporting the conclusion just announced see *Hardman v. Hand,* 190 Kan. 148, 373 P. 2d 178; *Miller v. Hand,* 187 Kan. 352, 356 P. 2d 837, certiorari denied, 366 U. S. 938, 6 L. Ed. 2d 849, 81 S. Ct. 1664, 190 Kan. 246, 372 P. 2d 993; *Griffin v. Hand,* 187 Kan. 350, 356 P. 2d 812, *Downs v. Hudspeth,* 162 Kan. 575, 581, 178 P. 2d 219; *Kneisley v. Hudspeth,* 161 Kan. 772, 776, 173 P. 2d 247.

In an obvious attempt to avoid the foregoing conclusion appellant contends that the official court reporter did not comply with the heretofore quoted provision of 62-1304, *supra*, hereinbefore identified by the inserted number [4]. As previously indicated we think the record discloses that the reporter did comply with that provision. Moreover, assuming *arguendo* that appellant's position on this point has any merit, the record does not warrant a conclusion that failure to comply with requirements of number [4] affords a sound basis for holding his Cherokee County judgment and sentence invalid. We held to the contrary at pages 619 and 620 of the opinion in the *Tafarella* case. See, also, *Goetz v. Hand,* 185 Kan. 788, 347 P. 2d 349, certiorari denied, 362 U. S. 981, 4 L. Ed. 2d 1016, 80 S. Ct. 1068; *Tibbett v. Hand,* 185 Kan. 770, 347 P. 2d 353, certiorari denied, 363 U. S. 854, 4 L. Ed. 2d 1736, 80 S. Ct. 1684.

Appellant's second and final claim is based upon the allegations of his petition to the effect that his plea of guilty to the offense charged in the information was brought about by, and resulted from, promises of leniency, threats concerning the imposition of a sentence under the State Habitual Criminal Act, and threats concerning the prosecution of another, made by the county attorney who was in charge of the prosecution. The short and simple answer to all claims made by him on this claim is that the record presented to us on appellate review of the involved judgment is wholly devoid of any evidence sustaining his position on the point now under consideration. Indeed, it may be stated that the record before us fails to disclose that he testified as a witness in his own behalf in support of the foregoing allegations.

This court has long been committed to the rule that the unsupported and uncorroborated statements of the petitioner in a habeas corpus proceeding do not sustain the burden of proof or justify the granting of his writ where—as here—the judgment rendered is regular on its face and entitled to a presumption of regularity and validity. See, e. g., *Goetz v. Hand,* supra; *May v. Hoffman,* 179 Kan. 149, 153, 293 P. 2d 265; *Hartman v. Edmondson,* 178 Kan. 164, 166, 283 P. 2d 397; and *Kneisley v. Hudspeth,* supra, and decisions there cited.

Numerous decisions of like import are cited in Hatcher's Kansas Digest [Revised Edition], Habeas Corpus, § 35, and West's Kansas Digest [Cumulative Annual Pocket Part], Habeas Corpus, § 85.4(3).

What has been heretofore stated and held compels a conclusion the district court's action in denying the writ was proper and must be approved.

The judgment is affirmed.

FONTRON, J., not participating.