No. 44,580

Joe Lloyd, *Appellant,* v. State of Kansas, *Appellee.*

**(416 P. 2d 766)**

Opinion filed July 14, 1966.

*Richard A. Medley,* of Junction City, argued the cause, and was on the brief for the appellant.

*R. Edgar Johnson,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Richard H. Seaton,* assistant attorney general, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an appeal from an order overruling a motion filed by the petitioner, Joe Lloyd, pursuant to the provisions of K. S. A. 60-1507 to vacate and set aside a judgment and sentence imposed by the district court of Geary county.

In November 1961 Lloyd was arrested and charged with the crime of first degree robbery (G. S. 1949 21-527, now K. S. A. 21-527). After a preliminary hearing in which he was represented by Mr. Richard Waters, Lloyd was bound over to district court for

trial. On January 12, 1962, in the presence of the county attorney, William D. Clement, and his secretary, who was also a notary public, Lloyd executed a document entitled "Waiver of Right to Jury Trial, Right of Counsel and Entry of Plea of Guilty." On the same day he appeared before the district court, pleaded guilty to the crime as charged, and was sentenced to the penitentiary for a term of not less than ten nor more than twenty-one years (G. S. 1949, 21-530, now K. S. A. 21-530).

In June 1964 Lloyd filed *pro se* a motion under K. S. A. 60-1507 to vacate the judgment and sentence on the ground that he "was not given court-appointed counsel when same was needed most, nor was a valid waiver of counsel executed. . . ." The court appointed Richard A. Medley as counsel for the petitioner. An evidentiary hearing, at which Lloyd was present and testified, was held, and on October 10, 1964, the district court made extensive findings of fact and overruled petitioner's motion. From the district court's order denying relief the petitioner has appealed, and Mr. Medley has again been appointed counsel.

The main contention advanced by the petitioner on appeal is that his constitutional rights were violated by the court's acceptance of his written waiver of counsel. The basis for such contention is that there was no showing Lloyd was capable of understanding the significance of the waiver and the court made little effort to determine his understanding thereof.

A careful examination of the motion reveals allegations that the county attorney erroneously informed petitioner that if he was without funds to employ an attorney the court would not provide him counsel in the event he pleaded guilty; that the court failed to inform him he could have court-appointed counsel; that the county attorney coerced him into signing the waiver of counsel when petitioner had no knowledge of the consequences thereof and no knowledge of his right to counsel; and the court failed to find that counsel would not be to his advantage.

The written waiver executed by Lloyd recited in substance that he was thirty-three years of age; that he knew he was charged with the crime of armed robbery, contrary to G. S. 1949, 21-527, which constituted a felony punishable by confinement in the penitentiary; that he was fully aware of his rights to a jury trial and to have counsel appointed to represent him; that with full knowledge thereof, and of his own free will, he waived such rights; that he did not feel the appointment of an attorney would be to his benefit, and

desired to enter a plea of guilty to the charge; that his waiver was his free and voluntary act; and that no promises or threats of any type or source had been made to him.

The transcript of the proceedings at which Lloyd pleaded guilty reflects the following:

"MR. CLEMENT: If it please the court, the appearances for the purpose of the record are: the State appears here by and through myself, William D. Clement, County Attorney, and the defendant is present in person without counsel. I have conferred with the defendant concerning his appearance here without counsel, and he has advised me that he does not desire to have an attorney in this matter, and according to the laws of the State of Kansas has voluntarily waived in writing the appointment of an attorney to appear here with him, which waiver I hand to the court for the court's examination. (Mr. Clement hands document to court.)

"THE COURT: Thank you. (Court examines document.) Mr. Lloyd, how old are you?

"DEFENDANT: Thirty-three, sir.

"THE COURT: Mr. Lloyd, there's been presented to the court a waiver of right to jury trial, right of counsel, and entry of a plea of guilty—

"DEFENDANT: Yes, sir.

"THE COURT: —which bears your signature; is that correct?

"DEFENDANT: That's correct, sir.

"THE COURT: Do you understand the offense charged against you?

"DEFENDANT: Well, sir, I understood that I was participating in an armed robbery.

"THE COURT: That's correct; and that you understand you have a right to have counsel appointed; you have a right to a jury trial?

"DEFENDANT: Yes, sir.

"THE COURT: And you waive both of these?

"DEFENDANT: Yes, sir.

"THE COURT: Do you understand the penalty that this court can impose upon you if you enter a plea of guilty?

"DEFENDANT: Yes, sir.

"THE COURT: And you desire the court to accept this waiver—

"DEFENDANT: Yes, sir.

"THE COURT: —and approve the same?

"DEFENDANT: Yes, sir.

"THE COURT: Let the record reflect that the court approves the waiver as presented to it.

"MR. CLEMENT: May I arraign the defendant, Your Honor?

"THE COURT: Yes, please do."

After being arraigned, Lloyd entered a plea of guilty which was accepted by the court. Although there is no express finding stated in the record at the time the plea was entered, the journal entry of judgment and sentence recites a finding by the court that appoint-

ment of counsel over Lloyd's objection would not be to his advantage.

The evidence before the trial court at the 1507 hearing need not be detailed. Briefly, the evidence disclosed that Lloyd could read and write and had quit school during the seventh grade, served six years and ten months in the Army, where he attained the rank of sergeant, and thereafter was employed as a truck and cab driver for several years prior to the commitment of his present offense. The only evidence which tended in any way to support the allegations of petitioner's motion was his own testimony. This was directly refuted by the file and record of his original case, the testimony of the county attorney, and that of petitioner's retained counsel at the preliminary hearing.

At the conclusion of the hearing the court made numerous findings of fact. Summarily, those bearing on petitioner's assertions specifically enumerated the occasions on which he was advised of his right to appointed counsel: by Mr. Waters, his retained counsel, immediately subsequent to the preliminary hearing, by the county attorney prior to the execution of the waiver, and by the court prior to the court's acceptance of the waiver and plea. Further, the court found that Lloyd was not coerced for any reason or by any person into signing the waiver and that the only testimony presented with reference to the coercion was that of Lloyd himself, which was not corroborated in any way. In overruling the petitioner's motion, the court concluded that the petitioner knowingly appreciated and understood his waiver of right to jury trial and right to counsel, and fully understood his right to the appointment of counsel to defend him.

Having meticulously examined the record, we find there was substantial, competent evidence to support each of the district court's findings of fact which, therefore, will not be disturbed on appeal. (*Tipton v. State,* 194 Kan. 705, 402 P. 2d 310.)

Petitioner's contention presents the question of whether or not under the provisions of G. S. 1961 Supp., 62-1304, his waiver of counsel was intelligently and understandingly made. The first five sentences of the statute are identical to those of our prior statute in effect at the time of this court's decision in *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225, cert. den. 362 U. S. 970, 4 L. Ed. 2d 901, 80 S. Ct. 956. These five sentences were carefully analyzed and considered both in *Ramsey,* supra, and *Tafarella v. Hand,* 185 Kan. 613, 347 P. 2d 356, cert. den. 363 U. S. 807, 4 L. Ed. 2d

1150, 80 S. Ct. 1243. It was held by this court that compliance with the first three sentences of the statute was jurisdictional, and the fourth and fifth sentences thereof related only to the record and proof that the jurisdictional requirements had been met.

The guidelines evolving from the foregoing decisions construing the statute in question are that at the arraignment of an accused without counsel it is jurisdictional to the acceptance of a plea of guilty by the trial court (a) that the trial court fully advise the accused of his rights to be represented by counsel; (b) that the accused be permitted to consult of his own choosing if he desires to do so; and (c) if the accused is not able and willing to employ counsel, and does not ask to consult counsel of his own choosing, that the trial court appoint counsel to represent him, *unless the accused states in writing that he does not want counsel to represent him and the court finds that the appointment of counsel over his objection will not be to his advantage.* After the trial court has fully advised the accused of his right to counsel, as provided in the statute, the execution of a written waiver by the accused, *with full knowledge of his rights,* completes the jurisdictional requirements prior to the acceptance of a plea of guilty so far as the accused himself is concerned. The finding that the appointment of counsel, over the objection of the accused, will not be to his advantage is a function of the trial judge. Such finding need not be an express finding which the trial court states in the record of the trial proceedings, but such finding must appear in the journal entry of judgment to show that it was in fact made. (Also, see *White v. Crouse,* 192 Kan. 816, 391 P. 2d 64, and cases cited therein.) It should be noted that the provisions of the statute with which we are concerned in this appeal were amended in 1963 by deleting the words "and willing" in the first and third sentences thereof. (See K. S. A. 62-1304.)

Whether or not an accused was properly informed of his right to counsel or was even afforded the right to waive the same received the attention of this court in *State v. Oldham,* 178 Kan. 337, 285 P. 2d 775, wherein it was stated:

"The waiver of counsel must be an intelligent one; and whether there was such must depend upon the particular facts and circumstances, including background, experience, and conduct of the accused. The proceeding shall be made a matter of record or otherwise the sixth amendment of the federal constitution will be abridged. (*Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. ed 1461.) The Johnson case, while not arising in Kansas, states the general rule, but our statute further *requires* a written waiver plus a finding by

the trial court that counsel would not be to the advantage of the accused." (p. 338.)

Although a considerable portion of petitioner's brief is devoted to an attack on the constitutionality of 62-1304, in that the requirements thereunder for a valid waiver of the right to counsel fail to provide an accused the opportunity to comprehend the nature of his act, counsel frankly acknowledged at the time of argument that the statute, as construed by this court in *Ramsey v. Hand*, supra, and *Tafarella v. Hand*, supra, complies with such federal decisions as *Johnson v. Zerbst*, supra, *Von Moltke v. Gillies*, 332 U. S. 708, 92 L. Ed. 309, 68 S. Ct. 316, *Carnley v. Cochran*, 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884, and *Westbrook v. Arizona*, 384 U. S. 150, 16 L. Ed. 2d 429, 86 S. Ct. 1320, and the basic test to be applied is whether or not the accused intelligently and understandingly waived his right to counsel.

The due process clause of the fourteenth amendment guarantees the assistance of counsel to an accused in a state court unless that right is intelligently and understandingly waived by the accused. (*Carnley v. Cochran*, supra.)

A careful search of the record in the instant case reveals an abundance of evidence that petitioner's waiver was intelligently and understandingly made and that the requirements of 62-1304 were complied with in all respects. The only evidence to the contrary was the uncorroborated testimony of the petitioner himself, which, of course, is insufficient to sustain the burden of proof in this type of proceeding. (Rules of the Supreme Court, Rule No. 121(g), 194 Kan. xxviii.) In *Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528, it was stated:

"A judgment of conviction of crime carries with it a presumption of regularity, and where one convicted of a crime attacks such a judgment pursuant to K. S. A. 60-1507, on the ground that his constitutional rights were violated, he has the burden of proof to establish such fact by a preponderance of the evidence, and such burden is not sustained by unsupported and uncorroborated statements by the plaintiff (*Huston v. State*, 195 Kan. 140, 403 P. 2d 122)." (Syl. ¶ 8.)

For the reasons stated, we conclude that the contentions advanced by the petitioner, with the aid of astute counsel, are without merit. We discern no error in the trial court's denial of petitioner's motion for relief.

The judgment is affirmed.