In this action in claim and delivery, the trial judge filed the following memorandum opinion.
"On March 22, 1919, a contract for the sale of land was entered into between A.J. Gorthy and Mary Atchison for the sale and purchase of land on what is known as the crop payment plan. Subsequently A.J. Gorthy sold his interest in the land to plaintiff, and the transaction continued with plaintiff as vendor and defendant as vendee.
"Some minor defaults occurred during the farming seasons prior to 1923, but the contract continued nevertheless. In 1923, after the grain was shocked but before it was threshed, the land contract was cancelled by mutual agreement. Plaintiff claims the contract was offered to him, while defendant claims plaintiff asked for the contract. A quit claim deed was given by defendants at the same time.
"In my opinion it is immaterial who suggested the cancellation. The fact is, both parties appeared to be ready to end it, and it was ended without discussion. Shortly after this mutual cancellation, plaintiff brought this action to recover all alleged defaults under such contract for the years 1920, 1921, and 1922, including unpaid taxes; and under claim and delivery process seized the crop.
"The defendant took an equally bold stand and claims not one half, but all the crop of 1923, and denies she is liable for any part of the prior defaults.
"In my opinion, the provision giving plaintiff a lien is only for the delivery each year of one half the crop raised for such year, and when in any year a default was permitted, and defendant permitted to continue, the default was waived.
"This is not a rent contract, but a sale contract. The crop did not belong to plaintiff, but he was to have a share to apply on the purchase price. But even if this construction of the contract is wrong, still, in my opinion, plaintiff cannot now recover for past defaults. He voluntarily cancelled the contract he attempts to claim under.
"The defendants' claim for more than half is also unreasonable. The crop was severed from the ground when the contract was cancelled. It *Page 522 
was personal property. Each was entitled to half, and the mutual cancellation, without reference to this crop left the interest of each party as it was.
"In my opinion, therefore, the defendant is entitled to one half of the crop, subject, of course, to any liens there were against the crop for seed and threshing.
"As I remember it, there is no dispute over the amount of grain threshed. Out of the defendant's half must be paid the threshbill and seed liens for 1923, and the balance go to her. Plaintiff, of course, is entitled to the other half of the crop.
"An order may be prepared accordingly.
"Dated at Bismarck, N. Dak. January 2, 1925.
"Fred Jansonius
"Judge."
On filing this opinion, defendant's attorney prepared findings of fact and conclusions of law, upon which judgment was duly entered on the 19th day of January 1925. As a conclusion of law the court found:
"1st, That said Mary Atchison was the equitable and beneficial owner of the N.W. 1/4 of 11-144-63 and plaintiff held its legal title in trust for her and as security for the purchase price thereof:
"2nd, That plaintiff having voluntarily cancelled the contract he here attempts to claim under, waived the defaults set up in his complaint and his cause of action herein has failed.
"3rd, That the defendant, Mary Atchison, is entitled to the one-half of the crops involved subject, of course, to the thresh bill and seed liens for 1923.
"It is now, on motion of J.S. Carr, attorney of record for defendants and John W. Carr of counsel in their behalf, ordered, adjudged and determined, that the defendants, Mary Atchison and Sam Atchison, have and recover judgment against the plaintiff, B.H. Stoddard, herein that this action be and the same is hereby dismissed together with their costs and disbursements of this action to be taxed by the clerk.
"Let judgment be entered accordingly.
"Dated this 15th, day of Jan. 1925.
"By the Court:
"Fred Jansonius
"Judge." *Page 523 
The findings of fact and conclusions of law and judgment entered thereon, dispose of the defendant's share of the grain and of the defendant's rights, in the action. There is nothing said about the plaintiff's half of the grain mentioned in the memorandum opinion, which closes as follows:
"The plaintiff, of course, is entitled to the other half of the crop, and an order may be prepared accordingly."
On the 8th day of October 1925, the plaintiff applied to the court for an order of judgment nunc pro tunc, for the purpose of correcting the judgment, and making it conform to the memorandum opinion of the trial court, and the corrected judgment disposes of the other half of the crop. The order was made and judgment was entered nunc pro tunc as of January 19, 1925, The findings of fact and the conclusions of law are the same, except that the corrected judgment includes and awards one half of the crop, to the plaintiff, which does not take from the defendants, anything awarded to them in the first judgment.
Under the first judgment prepared by the defendant's attorneys, the defendants were awarded one half of the crop raised upon the land in 1923, subject to the seed lien, and threshers' lien for that year, and had judgment for costs.
Under the judgment as corrected the defendants are awarded one half the crop for the year 1923, subject to the seed lien and threshers' lien, and they are given judgment against the plaintiff for the cost of the action. The defendants are in no way prejudiced by the correction of the judgment. They have clearly acquiesced in a judgment which determines their rights as to the entire crop and which fixes that interest at one half. This is an adjudication which is binding upon them and leaves them without any interest in the other half and in no position to question its ultimate disposition.
The judgment is affirmed.
CHRISTIANSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur. *Page 524