Cheryl AABYE, Plaintiff and Appellee,

v.

Carl A. AABYE, Defendant and Appellant.

Civ. No. 9726.

Supreme Court of North Dakota.

April 30, 1980.

---

Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, for defendant and appellant; argued by Chester J. Serkland, Fargo.

PEDERSON, Justice.

This case involves an appeal from a judgment clarifying a divorce decree nunc pro tunc. Cheryl Aabye brought the motion seeking clarification of a provision of a 1964 divorce decree which combined alimony and support into one lump sum. The motion was granted and her ex-husband, Carl Aabye, appealed. We reverse and remand.

Cheryl and Carl Aabye were divorced on October 30, 1964, after three years of marriage. Cheryl received custody of the parties' two minor children[1] and the following provision was included in the decree with regard to Carl's duty of future support:

> "IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Plaintiff [Cheryl] herein shall take, have and receive *alimony and support* money for herself and her said minor children, namely; Dawn Aabye and Carrie Aabye, in the sum of $150.00 per month and that said alimony and support money shall be paid in two equal installments, due on the 5th and 20th of each and every month thereafter until further order of this Court . . . ." [Emphasis added.]

Although the exact dates have not been provided to us, apparently Cheryl and Carl moved to Colorado sometime after the divorce and lived together there for approximately one and one-half years, which Carl says was a common-law marriage. In 1967 the parties separated and Cheryl was remarried to a second husband. This marriage lasted approximately ten years and resulted in divorce in 1978.

In January of 1979 Cheryl began proceedings to collect child support arrearages from Carl in the sum of $21,050. An order to show cause was issued by the district court, and the matter was heard before a referee on April 5, 1979. The referee found that due to the combined alimony and sup-

Schneider, Hilden & Schneider, Fargo, for plaintiff and appellee; argued by Mark G. Schneider, Fargo.

---

1. Another child was born shortly after the divorce. Support of that child is not involved in this dispute.

port provision of the 1964 divorce decree, Cheryl was unable to provide the court "with a reliable accounting of arrearages in child support claimed . . ." and will be "unable to do so until the items of alimony and child support are separated . . . ."

Thereafter Cheryl made a motion for clarification of judgment of divorce nunc pro tunc on the ground that by mistake or inadvertence the divorce decree did not distinguish the amount Carl was obligated to pay for child support and the amount obligated for alimony. The motion was granted on October 24, 1979, and the court ordered the original decree clarified and amended to read that Carl was to pay $150.00 per month as child support. Carl appeals from this amended judgment.

The definitive issue is whether or not the trial court abused its discretion in amending the divorce decree nunc pro tunc.

We have held that a district court has the power to enforce and interpret a divorce decree rendered by another district court, *Zent v. Zent*, 281 N.W.2d 41 (N.D.1979), and that where a judgment of divorce has been regularly entered, it is within the discretion of the trial court to say whether or not one of the parties will be permitted to come in afterwards and attempt to set aside the judgment. *Bridgeford v. Bridgeford*, 281 N.W.2d 583 (N.D.1979).

■ The purpose of nunc pro tunc proceedings is to make the record speak the truth and to allow a court to correct its records until they contain a true history of the court's transactions. *Enderlin Farmers' Store Co. v. Witliff*, 56 N.D. 380, 217 N.W. 537 (1928). For example, in *Enderlin* the district court ordered judgment against the defendant and the garnishee, and through inadvertence the written order did not order the entry of judgment against the garnishee. Two years later the court amended the judgment nunc pro tunc as, "It appears clearly, therefore, that the mistake was not a judicial mistake, but a clerical mistake made by the attorney in drawing the order which he presented to the court for the judge's signature, . . . ." 217 N.W. at 538. Similarly, in *Stoddard v. Atchison*, 54 N.D. 519, 210 N.W. 3 (1926), the district court, upon application of the plaintiff, corrected its judgment nunc pro tunc to make it conform to its memorandum opinion.

The test of whether or not an amendment nunc pro tunc is permissible has been stated as follows:

"The test is whether on the one hand the change will make the record speak the truth as to what was actually determined or done, or intended to be determined or done by the court, or whether, on the other hand, it will alter such action or intended action." *State v. District Court of Fifth Judicial Dist.*, 110 Mont. 36, 98 P.2d 883, 885 (1940).

■ As stated by the Minnesota Supreme Court, "The office of such a nunc pro tunc entry is correctly to record, *not to supply* judicial action." [Emphasis in original.] *Wilcox v. Schloner*, 222 Minn. 45, 23 N.W.2d 19, 22 (1946); and by the Wisconsin Supreme Court, "A court cannot modify or amend its judgment to make it conform to what the court ought to have or intended to adjudge." *In re Gibson's Estate*, 7 Wis.2d 506, 96 N.W.2d 859, 864 (1959).

■ In order to justify and assure that in correcting or amending a judgment the court is not altering what was intended to be done, there must be support therefor from the pleadings, or from the record of the decree, or from the clerk's minutes, or from the minutes or notations kept by the judge, or from the transcript, or from some proper paper or file in the case, *Wiggens v. Perry*, 343 Mo. 40, 119 S.W.2d 839 (1937); or upon satisfactory evidence, parol as well as written. *Bush v. Bush*, 158 Kan. 760, 150 P.2d 168 (1944).

In *Bush, supra,* a case with very similar facts to the instant proceeding, the defendant was ordered in a 1925 divorce decree to pay "alimony for the support of [his wife] and said minor children in the sum of sixty ($60.00) a month . . . to continue until the further order of the court." In 1943, the plaintiff requested the court to make an order nunc pro tunc correcting the judgment on the ground that it did not conform

to the order actually made by the court at that time. The minutes of the trial docket were introduced which state:

"Plaintiff given the custody of minor children . . . and defendant ordered to pay into the court the sum of $60.00 per month for support of said children." 150 P.2d at 169.

On the basis of this evidence, the correction was allowed and the father was ordered to pay $60.00 a month for support of the children.

In *Wallace v. Wallace*, 214 Kan. 344, 520 P.2d 1221 (1974), the wife was granted a nunc pro tunc order changing an alimony judgment to a property division judgment so that the obligation to pay would not be terminated upon her remarriage on the ground that the parties intended the sum to be a property division but only designated as alimony for tax purposes. The Kansas Supreme Court reversed the order as the evidence from the divorce proceeding revealed that the parties deliberately chose to have the award deemed alimony.

"In the instant case, both of the parties requested in open court that the payment of $7,500 to the wife be awarded as alimony. In compliance with this request the trial court signed a journal entry to this effect. Undoubtedly, the court knew the amount of the award was to equalize the property awarded the husband. Notwithstanding this knowledge, there can be no valid argument that it was not the court's intention to make the award alimony as requested by the parties. . . .

"The trial court in entering the nunc pro tunc order was not correcting a clerical order. Any attempt by a court, under the guise of correcting clerical error to revise its deliberately exercised judicial discretion, is not permitted." 520 P.2d at 1225.

In the instant case, Cheryl requested in her complaint to be awarded "$150.00 per month for the support and maintenance of Plaintiff and said children." A review of the transcript reveals that the court discussed the wording of the combined alimony and support provision with the parties:

Mr. Hendrickson [attorney for Cheryl]:

"All right. We have agreed, your honor, that he is to pay $150.00 a month, the amount to be payable twice a month."

The Court:

"Is this $150.00 alimony or alimony and support for the children, $50.00 for the wife and $50.00 for each child?"

Mr. Serkland [attorney for Carl]:

"Purely alimony. And on her remarriage we have agreed that this alimony will cease at that time and the parties will renegotiate a settlement concerning the children and if they can't agree it would be open to the court."

By amending this provision the trial court was not correcting a clerical error but was altering the action taken previously. The evidence points to the conclusion that the parties clearly did not intend that the $150.00 was to be considered purely child support. There is no authority for the proposition that a trial court can amend a judgment nunc pro tunc on the basis of its own conjecture that "it is inconceivable to this court that a judge would allow a divorce of the parties without providing for the support of the two minor children." On the contrary, the law is that the court cannot amend its judgment to conform to what it now believes it should have done. See *In re Gibson's Estate, supra.* If further proceedings are necessary in order to provide for support of the children, a motion to modify would be appropriate as, in divorce proceedings, the trial court has continuing jurisdiction with reference to the care of minor children. *Muraskin v. Muraskin*, 283 N.W.2d 140 (N.D.1979).

Although we have concurrent jurisdiction with the trial court to hear Cheryl's motion for attorney fees, we decline to do so for the reason that the trial court is in a far better position to pass on such motion than

is this court. *Keig v. Keig*, 270 N.W.2d 558 (N.D.1978); see also Rule 39(e), NDRAppP.

The trial court abused its discretion by amending the divorce decree nunc pro tunc to provide that the $150.00 per month payment required by the original decree was for support of the children. As Dawn was two and one-half and Carrie one and one-half years old in 1964 when the original decree was entered, future support may still be an issue. The amended judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

ERICKSTAD, C. J., and VANDE WALLE, SAND and PAULSON, JJ., concur.