**Doris SUKO, Plaintiff and Appellant,**

v.

**Wallace W. SUKO, Defendant and Appellee.**

**Civ. No. 9870.**

Supreme Court of North Dakota.

April 23, 1981.

---

Garaas Law Firm, Fargo, for plaintiff and appellant; argued by Jonathan T. Garaas, Fargo.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendant and appellee; argued by Patrick A. Conmy, Bismarck.

PEDERSON, Justice.

Doris Suko appeals from a judgment amending a prior judgment for divorce. We affirm.

Pursuant to a district court judgment dated December 3, 1979, Doris and Wallace Suko were divorced. That judgment contained the following provision:

"8.

"That the Plaintiff [Doris Suko] shall have sole use, occupation and possession of the home of the parties hereto until such time as the youngest child then residing with the Plaintiff reaches age 18 or graduates from high school, whichever is later to occur, and shall make all mortgage payments on said home as same become due. That upon the youngest

child reaching age 18 or graduating from high school, whichever is later to occur, the Plaintiff shall then pay to the Defendant the sum of $20,000.00 within 30 days of the youngest child reaching age 18 or graduating from high school, whichever is later to occur, unless Plaintiff removes herself from the home or sells the same prior to the youngest child reaching 18 or graduating from high school, then and in that event, the Plaintiff shall pay to the Defendant the sum of $20,000.00 representing the Plaintiff's interest in the home of the parties hereto. It is the intent of the Court that the Plaintiff shall pay to the Defendant the sum of $20,000 representing his interest in the home no later than 30 days after the youngest child reaches age 18 or graduates from high school or sooner in the event the Plaintiff removes herself from the home or sells the same."

On February 19, 1980, Wallace Suko moved the court to amend paragraph 8. The motion was heard on July 18, 1980. In an order dated August 12, 1980, the district court amended the judgment to make remarriage by Doris Suko an additional event requiring payment of $20,000 reflecting Wallace's equity in the family home. In fact, Doris had already been remarried on May 18, and thus she was required by the order to tender payment.

Doris appeals from the order on the grounds that it modifies rather than implements the original judgment, and that it was obtained despite Wallace's failure to comply with procedural rules for amending judgments. Cited in her brief is the following language from the court's syllabus in *Cokins v. Frandsen*, 136 N.W.2d 377, 378 (N.D. 1965):

"3. Any order made subsequent to final judgment must be for the purpose of carrying out the provisions of the judgment. Insofar as any such order attempts to modify such judgment, unless made on grounds provided for in the North Dakota Rules of Civil Procedure for amending or correcting a judgment, and unless made within the time provided for such amendment or correction, it is void."

As Doris points out, Wallace's motion to amend was not expressly based on either Rule 52(b) or 59(j) of the North Dakota Rules of Civil Procedure, nor was it filed within the 10-day time limit of those provisions. No appeal was taken within the 60-day limit of Rule 4, N.D.R.App.P. Doris argues further that § 14–05–24, NDCC, which allows the court a continuing power to revise the terms of a divorce is inapplicable. This argument is based on the perception that paragraph 8 of the judgment involves distribution of property rights and on this court's decisions holding that property distributions are not subject to amendment under the authorization in § 14–05–24. See, *Harwood v. Harwood*, 283 N.W.2d 144, 146 (N.D. 1979).

The district court in its amending order characterized paragraph 8 in the following terms:

"2.

"That *the provision* in the judgment which allows the plaintiff [Doris Suko] to retain the defendant's $20,000 equity in the home until the youngest child of the parties shall have reached the age of eighteen or graduated from high school *was intended by the court as supplementary child support*, it being for the purpose of providing housing for the minor children of the parties at a more moderate cost to the plaintiff." [Emphasis added.]

While part of paragraph 8 does indeed imply that the arrangement is for the benefit of the Suko children, the provision requiring payment of $20,000 to Wallace upon the sale of the house by Doris is suggestive of property settlement. Suffice it to say the provision is not clearly one thing or another and is reasonably susceptible of varying interpretations.

We believe it is unnecessary to ascertain whether paragraph 8 is modifiable under § 14–05–24. Instead, Wallace's motion can be treated as a motion pursuant to Rule 60, N.D.R.Civ.P. Section (b)(1) of the

Rule authorizes the court to give relief if mistake or inadvertence has affected the judgment. Here, the district court, in correspondence with Wallace's counsel shortly after entry of the divorce judgment, stated clearly:

"I want you to know that no matter what is in the partial transcript which shows what transpired at the end of the hearing, and what shows in the Judgment, that it is not and was never my intention to rule that Mrs. Suko could live in the house in the event she remarried. I believe you should either amend the judgment by stipulation, or bring a motion to amend the judgment to reflect the above."

The court, in its amending order, stated further:

". . . the court did not intend that the defendant [Wallace Suko] should subsidize housing costs for plaintiff and new husband, should the plaintiff remarry."[1]

The fact that Wallace, apparently assuming the applicability of § 14–05–24, failed to premise his motion expressly on Rule 60 is not so significant as to give reason to override the district court's stated intent. Granted, a motion should "state with particularity the grounds therefor." Rule 7(b)(1), N.D.R.Civ.P. However, were we to honor that precept as scrupulously as Doris urges, the result would be the elevation of technicality over substance at the expense of justice. Besides arguing that the judgment was not properly amended, Doris has given no reason why her new husband should receive financial support, in the form of housing, from Wallace. Moreover, she cannot claim lack of notice, before her remarriage, that Wallace sought to contest her staying in the home with a new spouse. Wallace's motion to amend was served on Doris's counsel almost three months before her remarriage. Thus the procedural issues regarding amendment we resolve in Wallace's favor.

Doris claims that the judgment as amended infringes on her right to marry guaranteed under § 47–02–25, NDCC. That section reads in pertinent part:

"Conditions imposing restraints upon marriage, except upon the marriage of a minor, or of the widow of the person by whom the condition is imposed, are void."

■ We do not believe that the district court's provision for payment of Wallace's equity upon Doris's remarriage imposes a "restraint" on that marriage. Marriage is being used merely as a triggering device; Doris will not be penalized for marrying, but will. be required only to return an asset to which she has no reasonable claim in light of the circumstances of this case. Again, she has given no reason why Wallace should help support her new husband. We are not persuaded that Doris's right to marry has been unlawfully burdened.

The district court's judgment as amended is affirmed. We have concluded that the parties should pay their own costs on this appeal. The case is remanded for the purpose of rescheduling a date for payment.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.

1. An order nunc pro tunc is available in some cases to amend judgments containing mistakes of a purely clerical nature. *Aabye v. Aabye,* 292 N.W.2d 92 (N.D. 1980). An order nunc pro tunc is not appropriate here. As the *Aabye* opinion points out, " 'A court cannot modify or amend its judgment [with an order nunc pro tunc] to make it conform to what the court ought to have or intended to adjudge.' " *Aabye, supra,* 292 N.W.2d at 94, quoting *In Re Gibsons Estate,* 96 N.W.2d 859, 864 (Wis. 1959). No error in transcription appears or is alleged, and thus resort to Rule 60 is proper.