FRANK D. UPCHURCH, Jr., Judge.
Appellant, Dennis Van Prooyen, appeals from an order denying reconsideration of his petition for modification of the support provisions of a final judgment of dissolution of marriage.
The final judgment of dissolution contained provisions which were based on a separation agreement. These included the husband’s obligation to pay one-half of the mortgage payments on the residence occupied by the wife, $100 per week child support, $50 per week permanent alimony, and one-half the cost of school tuition and hospitalization.
The husband sought modification of the support provisions based on a decline in his earnings and an increase in the wife’s earnings. The court discontinued the mortgage payments but declined to modify the remaining obligations.
The court awarded the wife attorney’s fees. Although no pleading requesting modification was presented by the wife, the court modified the judgment to provide that the husband would be required to pay medical expenses not covered by insurance and one-half of all dental expenses. Nothing to such effect was contained in the separation agreement or the final judgment.
The hearing was not recorded and the only record before us consists of the pleadings and the financial affidavits. We cannot conclude that the trial judge abused his discretion on the basis of the affidavits alone. Facts could have been revealed on direct or cross-examination of the parties which satisfied the trial judge that no modification was warranted. See Williamson v. Williamson, 335 So.2d 346 (Fla. 1st DCA 1976).
As to the modification requiring the husband to undertake an obligation for medical expenses not covered by insurance and dental expenses, the husband contends the court was in error because the wife filed no petition for modification and no evidence was adduced in support of such modification. Ordinarily an adjudication must be responsive to the issues presented by the pleadings. Mouyois v. Mouyois, 97 So.2d 718 (Fla. 3d DCA 1957). Appellant, while acknowledging that Florida Rule of Civil Procedure 1.190(b) permits amendments to conform with the evidence introduced by consent, contends that such a situation did not exist in this case. He alleges that no evidence was introduced by appellee which would authorize the court to permit such an amendment.
This argument, of course, also requires an examination of a non-existent record and for that reason would ordinarily fail. However, we do not think that under the circumstances of this case it was proper for the court to permit appellee to ask for a modification for the first time at the hearing. Appellee filed no pleading of any type, either in response to appellant’s petition for modification or in a separate petition seeking modification of the husband’s obligations. Florida Rule of Civil Procedure 1.190(a) provides that a party “may amend his pleading.’’ We think the rule contemplates a pleading of some kind. The parties concede that appellant objected to the modification. Therefore, we conclude that it was error for the trial court to require the husband to pay the children’s medical ex *932 penses not covered by insurance and dental expenses absent a pleading requesting such relief and we reverse the order as to such requirement.
AFFIRMED in part and REVERSED in part.
ORFINGER and COBB, JJ., concur.