PER CURIAM.
The Florida National Bank, as personal representative of the Estate of Maurice E. Glock, appeals a trial court order that denied a petition for review of the reasonableness of the bank’s personal representative fee for administration of an estate, without considering evidence on the petition. We reverse.
Dr. Maurice E. Glock died testate on December 9, 1984, leaving a probate estate in excess of $700,000. Dr. Glock’s will, after making certain provisions for his wife, disposed of the residue of his estate in equal shares to his three children, Dr. Hugh E. Glock, Jane K. Mullans, and Karen E. Mullans.
Letters of administration were issued on January 18, 1985, appointing Florida National Bank the personal representative of Dr. Glock’s estate. The personal representative retained counsel to provide legal services required in connection with the administration of the estate.
On July 31, 1985, the bank filed a “Report and Petition For Order” requesting approval of a partial distribution of $150,-000 to each of the decedent’s three children, a partial attorney’s fee of $4750, and a partial personal representative’s fee of $14,750. Together with the petition, the bank submitted a copy of a letter dated July 30, 1985, to Jane K. Mullans. The letter set forth the current status of the estate, reflected a final personal representative’s fee of $25,908, and estimated a final attorney’s fee of $9500.
On October 31, 1985, the trial judge entered an order approving the partial distribution to the beneficiaries, the payment of attorney’s fees in the amount requested, and the payment of personal representative’s fees in the amount of $13,843. The beneficiaries subsequently filed a petition pursuant to section 733.6175, Florida Statutes (1985) seeking review of the proposed final personal representative fee of $25,-908. This request for review of fees was *281 scheduled for a hearing on December 5, 1985. On that date, the trial judge, without either considering the reasonableness of the proposed final fee or allowing the personal representative to present evidence on the issue, advised the parties that he had intended his October 31, 1985, order to be an award of final fees rather than simply an order approving partial fees. After counsel for the personal representative objected and orally moved to reopen and renew the hearing on the award of fees, the judge recused himself. The parties then stipulated that a different judge could hear the matter and that, in lieu of further argument and an evidentiary hearing, the parties would present written argument, affidavits, and exhibits to the substituted judge. Upon receipt of those arguments, affidavits, and exhibits, the substituted judge neither considered the reasonableness of the final fee sought by the personal representative, i.e., $25,908, nor followed any of the provisions of section 733.6175. Instead, on January 27, 1986, he denied the bank’s request for rehearing and found that the October 31, 1985, order was intended to set forth the total and final fees for the personal representative as well as for the attorney. This timely appeal followed.
We find the trial court erred on December 5, 1985, and again on January 27, 1986, by interpreting the order of October 31, 1985, as an order intended to set forth the total and final fees for the personal representative as well as for the attorney. Although not required to do so by section 733.603, Florida Statutes (1985), the bank, out of an apparent abundance of caution, petitioned the court for approval of a partial distribution as well as for the payment of partial personal representative’s and partial attorney’s fees. The fact that the administration of the estate was still in progress, as well as the wording of the petition, establishes that the personal representative was only petitioning the court for approval of partial fees. There is no evidence that the original petition was amended to include a petition for final fees as authorized by Florida Rules of Civil Procedure 1.190. As the matter of final personal representative s fees and attorney’s fees was not before the court when it issued its October 1985 order, the order could not have properly considered final fees for either the personal representative or the attorney. See Van Prooyen v. Van Prooyen, 407 So.2d 930 (Fla. 5th DCA 1981). To permit the trial court to rule on the issue of final fees without the issue being before it and without the parties having the opportunity to present evidence on the factors enumerated in section 733.-617, Florida Statutes (1985), would be a violation of the parties’ right to notice and an opportunity to be heard. Redman v. Kyle, 80 So. 300 (Fla.1918); Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982).
Furthermore, the wording of the order did nothing to put the parties on notice that the judge in fact intended the order to encompass his ruling on total and final fees. Although a ruling may be corrected nunc pro tunc in the case of a clerical error or mistake, a judgment cannot be amended simply to conform to what the judge later believed he should have done. Aabye v. Aabye, 292 N.W.2d 92 (N.D.1980).
Clearly, the bank had never sought approval of its final personal representative’s fee. Since the beneficiaries of the estate sought review of the proposed fee pursuant to section 733.6175, the bank had the right to attempt to carry its burden of proof on the propriety of its proposed total personal representative fee pursuant to the requirements of that section. The court erred in denying this right to the bank.
We, accordingly, reverse and remand with directions to conduct a hearing on the beneficiaries’ petition to review the personal representative’s compensation.
Reversed and remanded.
SCHOONOVER, A.C.J., and LEHAN and SANDERLIN, JJ., concur.